## Village of Northfield v. Chittenden Trust Company et al.

[260 A.2d 406]

No. 129-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*McKee & Clewley,* and *Samuel C. FitzPatrick,* Montpelier, for Plaintiff.

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Chittenden Trust Co.

*McNamara, Fitzpatrick & Sylvester,* Burlington, for Continental Ins. Co. and Fidelity & Casualty. Co. of New York.

**Per Curiam.** ██ ██ The timely filing, in the appropriate place, of an instrument that adequately gives notice of the intention to appeal from a final ruling, gives this Court appellate jurisdiction. 12 V.S.A. sec. 2382. 12 V.S.A. sec. 2383 requires that the filing be done within thirty days of the date of entry of the order appealed from. It does contain an exception, not involved here, by way of an extension of time in cases where the clerk fails to give notice of the entry of judgment for longer than a week. No other exception is provided for. Failure to file a notice of appeal within the period specified by this statute puts an end to this Court's authority to grant review under its provisions. *State* v. *Brown,* 121 Vt. 459, 466, 160 A.2d 879.

■ The appellees, by their motion, claim that this appeal must be dismissed because the appellants did not file their notice of appeal within the time prescribed. The judgment in this case was filed on September 5, 1969, with notice reaching appellants September 8. The notice of appeal was filed October 9, 1969. This was too late to preserve the appellate jurisdiction of this Court. *Rice Lumber Co.* v. *Baslow,* 123 Vt. 443, 445, 194 A.2d 65.

■ The appellants urge that their objections to the findings, filed under Chancery Rule 40, should have operated to stay the entry of judgment. Since the findings and judgment were filed simultaneously, that result could be accomplished only by prevailing on the chancellor to strike the entry of judgment. No such relief was requested. So long as the judgment entry stood, the time requirement of 12 V.S.A. sec. 2383 applied. The right to appeal under it depended upon compliance with its terms. *Badger* v. *Rice,* 124 Vt. 82, 85, 196 A.2d 503.

*Appeal dismissed.*