Charles Shortle and Manuel Martin v. The Board of Zoning Adjustment of the City of Rutland and Erin Corporation

[388 A.2d 430]

Nos. 152-77 & 172-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Henry J. Battles,* Rutland, for Plaintiffs.

*Harry R. Ryan, III,* and *Allan R. Keyes* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Erin Corporation.

*Robert Broderick,* Acting Rutland City Attorney, Rutland, for The Board of Zoning Adjustment of the City of Rutland.

■ **Per Curiam.** The Rutland City Zoning Administrative Officer denied defendant below a zoning permit to operate a restaurant. It appealed to the Zoning Board of Adjustment, which ruled the proposed use a permitted one. Plaintiffs sought to reverse this decision by bringing a declaratory judgment action to the Rutland Superior Court. Upon motion, that court dismissed the action upon the authority of *Fisher* v. *Town of Marlboro,* 131 Vt. 534, 310 A.2d 119 (1973), holding that 24 V.S.A. § 4471, an appeal, afforded plaintiffs their exclusive remedy for contesting the decision of a board of adjustment. We concur in that ruling. 24 V.S.A. § 4472(d).

Subsequently, by various motions made and denied, plaintiffs asked the Superior Court to have their appeal time extended, or their declaratory judgment complaint treated as a notice of appeal, and for relief under 12 V.S.A. § 558, V.R.C.P. 60(b), and other related rules.

■ Extension of the appeal period was properly denied. Such extension, if timely requested, must be obtained from the board, agency or court appealed from. V.R.A.P. 4, 13(b). In addition, however construed, the complaint here was not filed with the clerk of the Zoning Board of Adjustment as required by V.R.A.P. 4, and the extension of time was not sought and obtained within the sixty day period prescribed by V.R.A.P. 4. This defect is jurisdictional. See *Village of Northfield* v. *Chittenden Trust Co.,* 128 Vt. 240, 260 A.2d 406 (1969).

*Judgments affirmed.*