**Larry Amodeo, A. James & Judith Smith, Jr., Milton Margolis, Mary & Betty A. Bonadeo, Phyllis R. Appleby, Jack & Enes Bianchi, Stanley Kaufman, Leon & Sylviane Malmed, Morris & Helen Goldman, Alan Bolton & Ertfried Stecher, Leland & Margaret Wilhelm, Rudolph & Rose Vazzano, John H. Vier, and Alton & Mary Willms v. Town of Readsboro**

[401 A.2d 902]

No. 279-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 3, 1979

Motion for Reargument Denied April 11, 1979

106

*Robert E. Cummings, Jr.*, Bennington, for Plaintiffs.

*Thomas P. Politano*, Wilmington, for Defendant.

**Per Curiam.** The plaintiffs are individual taxpayers who, being aggrieved by the decisions of the board of civil authority sustaining the listers' appraisal of their real estate for the 1976 tax year, appealed under 32 V.S.A. § 4461. The appeals were referred to three persons appointed as appraisers (Tax Appeals Board). 32 V.S.A. § 4465. The Board in a de novo proceeding heard each case, made findings of fact, and determined the correct valuation of the property as required by 32 V.S.A. § 4467. This valuation was lower than the appraisals sustained by the board of civil authority. The Board's determination was forwarded to each taxpayer and town clerk in accordance with 32 V.S.A. § 4468.

By notice of appeal dated September 22, 1977, the Town seeks to have us review the Board's determinations, which it claims are erroneous in each individual case. Because we are without jurisdiction to entertain the appeal, it will be dismissed.

■■ The proceedings before the Board are a contested case. They are appealable directly to this Court under the Administrative Procedure Act, 3 V.S.A. §§ 801–820. *In re Appeal of City of Barre*, 134 Vt. 519, 520–21, 365 A.2d 519, 520 (1976). Since the appeal is one of right, notice of appeal must be filed within thirty days of the entry of judgment or order appealed from. See V.R.A.P. 1, 3, 4, 13; 12 V.S.A. § 2383. Upon a showing of excusable neglect the time for filing notice of appeal may be extended for a period not to exceed thirty days from the time otherwise

prescribed. V.R.A.P. 4, 13. In the absence of statutory authority to the contrary, we consider the date when the Board's determination is received by the director of property valuation and review (or if prior to July 1, 1977, the commissioner of taxes, see 3 V.S.A. § 2287) as the date of entry of an appealable judgment. In so doing we have in mind the provisions of 32 V.S.A. § 4468, which require no action on the part of the director other than forwarding copies of the determination to the taxpayer and town clerk.

■ Our examination of the record reveals that the Board's determinations in each case were received by the director on various dates in June and July 1977, the latest of which was July 7, 1977. On August 26, 1977, the director granted an extension for filing notice of appeal. This extension, however, could not extend the period for filing notice of appeal beyond September 5, 1977, since that was sixty days after the entry of an appealable judgment and the running of the appeal period was not tolled. Moreover, because an extension must be obtained within sixty days of the judgment appealed from, such extension could not apply to those cases where the determinations were received by the director prior to June 27, 1977. *Barcomb* v. *Village of Enosburg Falls*, 136 Vt. 627, 385 A.2d 684 (1978).

The Town of Readsboro's notice of appeal, not being timely filed as provided by law, divests this Court of jurisdiction to entertain its purported appeal. *Village of Northfield* v. *Chittenden Trust Co.*, 128 Vt. 240, 241, 260 A.2d 406 (1969).

*Appeal dismissed.*