Lyman Noble v. Delaware and Hudson Railway Co.

[421 A.2d 1301]

No. 199-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1980

48

*Richard J. Wright,* Poultney, for Plaintiff.

*Richard C. Sargent,* Morrisville, for Defendant.

Barney, C.J. This action relates to the upkeep of a fence between the plaintiff landowner's property and the defendant railroad's right of way. The allocation of fencing responsibilities between property owners and various railroads has been a matter of statute for more than a hundred and twenty-five years. *Davis* v. *Central Vermont Railway,* 88 Vt. 460, 461, 92 A. 973 (1915) (citing 1849, No. 41, § 44). The supervisory authority formerly exercised by the public service board was transferred to the transportation board in 1975 by 3 V.S.A. § 3104(a)(3) (1975, No. 120, § 1), and, under that authority, this dispute was first heard.

As a result of the hearing the board made findings and issued an order requiring the defendant to repair 1700 feet of fence. The defendant then appealed to the Washington Supe-

rior Court. This appeal was met by the plaintiff's motion to dismiss based on a lack of subject-matter jurisdiction. The motion was granted below and that ruling brought here for review.

The matter is complicated by the happenstance that, at the time of the transportation board proceedings, certain statutory changes were becoming effective. The question is whether, in the light of all this, the superior court correctly ruled that it lacked subject-matter jurisdiction.

■■■■ The general statute regulating appellate review of administrative decisions in contested cases, 3 V.S.A. § 815(a), provides in relevant part:

> A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the supreme court, unless some other court is expressly provided by law.

Before April 27, 1977, no other court was "expressly provided by law," and appeal was therefore properly to the Supreme Court.

On that day 3 V.S.A. § 3104(c) became effective. 1977, No. 81, §§ 1–8, 1977 Vt. Senate Journal 527–52. It provides, among other things, that "[a]ny order resulting therefrom [referring to the hearing] shall be rendered only by a majority of the board. Final orders of the board may be appealed to a superior court."

This date becomes crucial when the record in this case is examined. The hearing was held prior to, and the order in question dated April 12, 1977. However, the order discloses that only two members of the board signed prior to April 27, one on April 19 and one on April 20. The third signature is dated April 29, and the fourth May 3. The order itself was not filed with the office of the executive secretary until May 5.

Absent a statute to the contrary, the time of filing is the effective date of the order. *Amodeo* v. *Town of Readsboro*, 137 Vt. 105, 107, 401 A.2d 902, 903 (1979). In any event, there is no possible way, in view of the statutory language quoted, that the order could be effective prior to April 29, 1977, when the signature of a third member of the board was

finally endorsed on it. *Hodges* v. *Thacher,* 23 Vt. 455, 465 (1851); 1 V.S.A. § 172; 30 V.S.A. § 8; 3 V.S.A. § 3104(c).

That being so, the order falls within the procedural ambit of 3 V.S.A. § 3104(c), and the defendant's right of appeal to the superior court is in effect. This means that the provisions of V.R.C.P. 74 apply, and the motion to dismiss should have been denied.

■ The plaintiff contends that, since there is no issue of fact in dispute in this case, this Court should bypass the lower court hearing and pass to the issue anticipated as the principal concern of the litigation from here on in; that is, the constitutionality of the fencing requirement imposed upon railroads.

Although the concern of the plaintiff is understandable, the proposed remedy is not available. The legislature has established a right to be heard in superior court under 3 V.S.A. § 3104(c) and that right must be recognized.

*Order dismissing the appeal to superior court is reversed and the cause remanded for hearing.*