Alan M. Solomon v. Design Development, Inc., and Andrew B. Shapiro, Individually and as Agent for Design Development, Inc. v. Bruce J. Levinsky v. Alan M. Solomon, Design Development, Inc., and Andrew B. Shapiro, Individually and as Agent for Design Development, Inc.

[427 A.2d 381]

No. 73-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*George K. Belcher* of *Kilmurry & Stone, P.C.,* Montpelier, for Levinsky.

*Gaston & Durrance, Frederic R. Emigh* (On the Brief), Montpelier, for Shapiro.

**Billings, J.** This is an appeal from an order denying a motion for an extension of time in which to file an appeal.

The plaintiff Solomon brought an action in Washington Superior Court against the defendant-appellant Shapiro and the defendant Design Development, Inc. The plaintiff requested specific performance of a land sales contract and damages. The third-party defendant-appellee Levinsky purchased Solomon's contractual rights and continued the litigation, seeking only damages. On December 28, 1979, the court awarded judgment to Levinsky against both defendants. On January 9, 1980, 12 days after the entry of judgment, Shapiro filed a motion for a new trial. As this motion was not timely, V.R.A.P. 4, it did not toll the time within which an appeal must be taken. *Id.* On February 5, 1980, Shapiro filed a motion under V.R.A.P. 4 requesting an extension of time within which an appeal must be taken. On February 22, 1980, he filed a notice of appeal, which was untimely under V.R.A.P. 4. On February 27 the court denied the motion for extension. That order is the subject of this appeal.

█ Motions for the extension of time for appeal are governed by V.R.A.P. 4. The last paragraph of this rule provides as follows:

> Upon a showing of excusable neglect, the superior or District court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

A motion made pursuant to this paragraph is addressed to the sound discretion of the trial court. A party alleging an abuse of judicial discretion has the burden of proof. *State* v. *Ahearn,* 137 Vt. 253, 267, 403 A.2d 696, 705 (1979). To support a claim of error, the party must show that the court failed to exercise its discretion, or exercised it on

grounds that are clearly untenable. *State* v. *Ahearn, supra; State* v. *LaGoy,* 136 Vt. 39, 41, 383 A.2d 604, 606 (1978).

In its order of February 27, 1980, the trial court denied the appellant's motion for an extension of time to file an appeal, stating as follows:

> Defendants' Motion for an extension of thirty days in which to file a Notice of Appeal was dated February 5, 1980 and filed February 5, 1980, more than thirty days subsequent to the entry of judgment. It was therefore untimely.
>
> The Motion for extension of time in which to file a Notice of Appeal is DENIED.

It is apparent from this order that the trial court misinterpreted V.R.A.P. 4. The court evidently denied the motion for the sole reason that it was filed more than thirty days after the entry of judgment, and was therefore untimely. The last sentence of V.R.A.P. 4, however, expressly provides for the filing of such a motion after the thirty-day period for the filing of an appeal has elapsed. The motion may be filed anytime within sixty days of the entry of judgment. *The Union Bank* v. *Jones,* 138 Vt. 115, 125, 411 A.2d 1338, 1344 (1980); *Shortle* v. *Board of Zoning Adjustment,* 136 Vt. 202, 203, 388 A.2d 430, 431 (1978). The motion in this case was filed within the time period permitted by the rule, and was not untimely. It was error for the trial court to deny the motion on that basis. The case must be remanded.

On remand, the trial court should make findings of fact on the issue of excusable neglect. Without such findings this Court on review would be unable to determine what factors guided the trial court in ruling on the appellant's motion and would be unable to evaluate that court's exercise of its judicial discretion. See *John* v. *Medical Center Hospital of Vermont, Inc.,* 136 Vt. 517, 519, 394 A.2d 1134, 1135 (1978). This is in accord with federal practice under the similar provisions of 4(a) (5) of the Federal Rules of Appellate Procedure. See *United States* v. *Lewis,* 522 F.2d 1367 (5th Cir. 1975); *Winchell* v. *Lortscher,* 377 F.2d 247 (8th Cir. 1967).

The appellant has argued that this Court may rule on the issue of excusable neglect and grant the motion for an extension of the time for appeal. A ruling on the issue of excusable neglect, however, requires a determination of the facts of the case, and the trial court is the proper forum for such determination.

*Reversed and remanded for proceedings not inconsistent with this opinion.*