**Joseph BARBAGALLO, Executor of the Estate of Linda Barbagallo; Gerard Barbagallo, Jeremy and Craig Barbagallo, Minors b.n.f. Gerard Barbagallo v. Judd GREGORY, Lucinda Gregory, Pico Peak Food & Beverage Corp. d/b/a Pico Ski**

**Area and Pico Peak Ski Resort, Inc.** ·

[553 A.2d 151]

No. 88-404

September 15, 1988. Lucinda Gregory seeks permission to take an interlocutory appeal from the denial of her motion for summary judgment. Plaintiff has brought a complaint against her for negligent entrustment of a motor vehicle to her son, who was the driver in a fatal automobile accident.

The requisite knowledge on the part of defendant Lucinda Gregory could be proved only · by evidence tending to show her state of mind at the time of lending her car to her son. See *Holben* v. *Midwest Emery Freight System, Inc.*, 525 F. Supp. 1224 (W.D. Pa. 1981) (evidence that employer was aware of employee's driving record raised issue of material·fact regarding claim for punitive damages on negligent entrustment theory, precluding summary judgment). Courts should be cautious in granting motions for summary judgment in any. cases in which the resolution of the dispositive issue requires determination of state ˙of mind, as the fact finder normally should be given the opportunity to make a determination of the credibility of witnesses, and the demeanor of the witness whose state of mind is at issue. *Hortman* v.˙ *Henderson*, 434 F.2d 77 (5th Cir. 1970); 10A C. Wright, A. Miller & M. Kane, Federal Practice and ·Procedure: Civil 2d § 2730, at n.3(1983). Summary judgment may be particularly inappropriate where knowledge of the events lies exclusively with the moving party, as the other parties should be ˏallowed to probe the perceptions and˙motivations of the movant at trial. *Kagan* v. *Taylor*, 558 F. Supp. 396 (E.D.N.Y. 1983).

Moreover, a trial court may, in some situations, exercise its discretion to de-

cline to grant a motion for summary judgment even though the legal standard appears to have been satisfied; the court's action on a motion for summary judgment must be shown to have been unreasonable before it will warrant reversal on appeal as an abuse of discretion. *Margison* v. *Spriggs*, 146 Vt. 116, 119, 499 A.2d 756, 758 (1985); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2728, at nn. 11-12. Here, it appears that factual distinctions could control the legal result. See *In re Pyramid Co.*, 141 Vt. 294, 469 A.2d 915 (1982). We are not persuaded that the trial court's action was unreasonable.

*Motion for permission to take an interlocutory appeal denied.*