## LD & MD, Inc. v. State of Vermont

[576 A.2d 1244]

No. 88-023

Present: Allen, C.J., Peck and Dooley, JJ., and Connarn, D.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed February 9, 1990

Motion for Reargument Denied May 24, 1990

*Bloomer & Bloomer, P.C.,* Rutland, for Plaintiff-Appellant.

*David H. Greenberg,* Burlington, for Defendant-Appellee.

**Peck, J.** Plaintiff owned the Pleasant Manor Nursing Home in Rutland, which participated in the Vermont Medicaid program and received Medicaid funds for providing nursing home care to eligible individuals. Plaintiff sold its nursing home business, and in connection with the sale the Division of Rate Setting of the Agency of Human Services (Division) demanded payment of $188,972 out of the proceeds, representing "recaptured depreciation." Plaintiff paid this amount under protest and then sued the State to recover the sum paid. The superior court entered summary judgment for the State on grounds that the right to recapture was covered by regulation which had been duly adopted. We affirm the trial court order because the suit was untimely and consequently the court lacked jurisdiction to entertain the matter.

The Division's principal function is to set per diem rates for payments to providers of nursing home facilities under 33 V.S.A. § 193. The Division asserted its claim pursuant to § 306 of its Rule 88-22, which provides, inter alia, that the Division may recover, out of any excess proceeds realized on the sale or transfer of a nursing home, depreciation previously allowed when the nursing home's rates were computed.

On August 23, 1984, the Division notified plaintiff of the amount of depreciation recapture due under the regulation,

having issued two prior notices in connection with closings that had been postponed. Plaintiff paid the amount demanded when it sold Pleasant Manor on September 12, 1984, but asserted that the demand for payment had been improper since the period to which the Division's computation applied was before the effective date of the regulation under which the payment had been sought, October 1, 1982.

Plaintiff brought the present action on July 29, 1985, based on its retroactivity argument, but plaintiff's subsequent summary judgment motion was supported on the additional ground that the regulation had not been authorized by the Legislature and could not be enforced in any case. The court denied the motion and entered summary judgment for defendant, concluding that the regulation had been properly adopted and was correctly applied to plaintiff. The decision did not consider the retroactivity claim. The present appeal followed.[1]

Appeals from actions of the Division are governed by 33 V.S.A. § 195,[2] which allows direct appeal to this Court, de novo review by the superior court, or an administrative review by the Secretary of Human Services. A complaint seeking de novo review in the superior court must be filed within 30 days from the date of entry of the order being reviewed, under the governing

---

[1] Defendant had also filed a motion to dismiss, later treated as a motion for summary judgment, on grounds that the action had not been timely filed. The court denied this motion on the basis that the action by the Division assessing the amount of depreciation recapture had not been a "final order," tacitly sustaining plaintiff's position here that it was entitled to bring an independent action to challenge the Division's assessment and that such action was not an "appeal" subject to statutory time limits for filing.

[2] 33 V.S.A. § 195 states in relevant part:
    (a) A party who feels aggrieved by a final order of the division may:
        (1) have the right of direct appeal to the Vermont supreme court pursuant to the Vermont Rules of Civil Procedure and the Vermont Rules of Appellate Procedure under the same terms and conditions as if the appeal were taken to the supreme court from the superior court pursuant to the laws of Vermont; or
        (2) have the right to appeal de novo to the superior court of the county where the nursing home facility is situated; or
        (3) request a review by the secretary of human services. . . .
    (b) An appeal from any determination made under this subchapter shall not be made under section 3091 of Title 3.

provisions of 12 V.S.A. § 2383.[3] The present complaint was brought nearly one year after the recapture decision was made on August 23, 1984, and therefore was untimely if filed under § 195(a)(2).

Plaintiff's superior court complaint does not state that it was filed pursuant to 33 V.S.A. § 195(a)(2), and plaintiff argues that it was in fact an action totally independent of that section and hence not untimely filed. Plaintiff reasons that since the Division's action did not constitute rate setting and the Division was not authorized under the statute to demand payment for depreciation recapture, plaintiff was not bound to appeal from the Division's action. Plaintiff states that the

> [D]ivision's exclusive lawful function is to set rates. Any activity other than that by the Division of Rate Setting is improper and unlawful. The appeal section of the subchapter [has] to do with appeals from the setting of rates only. There is no provision whatsoever for appeal from an improper and unlawful act.

The reasons plaintiff offers in support of its contention that the Division's demand for payment of depreciation recapture was improper and illegal principally include its arguments that the Division's regulations were unlawfully adopted and that in any case the assessment was retroactive and improper.

Whatever the merits of such contentions, they may not be cited to excuse noncompliance with statutory provisions for a timely appeal. It is circular to argue that since the Division's actions were improper, its orders could be treated as nullities for purposes of complying with the statute and procedural rules governing appeals from the Division's orders. To allow plaintiff's argument to prevail would be to give potential appellants

---

[3] 12 V.S.A. § 2383 states:
Time for filing notice of appeal
Except as otherwise provided by law, a notice of appeal shall be filed within thirty days from the date of the entry of any appealable judgment, order, ruling, decree or sentence of any court, commission, board, agency or department of the state or any political subdivision thereof. The supreme court may by rule provide for extension of the time for appeal to allow a cross appeal or for cause.

an indeterminate period for appeal from administrative agency orders, simply by asserting the agency's lack of authority.

■■ Plaintiff also argues that there was never an agency order or ruling that could be said to have triggered the running of the appeal period so that plaintiff could act in a timely fashion under § 195(a)(2). Though the Division gave its final notice to plaintiff in the form of its letter of August 23, 1984, and the letter was not entitled "order," once the Division's authority to demand payment of recaptured depreciation is assumed, there can be no question that the August 23, 1984 letter was an order to pay money and that the order was a final one. The best proof of both propositions is that plaintiff paid the amount due, and having paid, could not contend that payment was not preceded by an order to pay. Plaintiff could—and did—complain that the Division lacked authority to demand payment of what it called recaptured depreciation, but it was constrained to do so within the statutory guidelines for seeking such relief, i.e., § 195(a)(2). Having allowed the time for appeal to lapse, plaintiff's action was untimely and the court without jurisdiction. *Village of Northfield v. Chittenden Trust Co.*, 128 Vt. 240, 242, 260 A.2d 406, 407 (1969) (per curiam); *Shortle v. Board of Zoning Adjustment of Rutland*, 136 Vt. 202, 203, 388 A.2d 430, 431 (1978) (per curiam).

*Affirmed.*