STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Beckstrom, <u>et</u> }
<u>al.</u> } Docket Nos. 212-11-98
} Vtec, 11-1-99 Vtec and 61-
} 4-99 Vtec
}

In re: Appeal of H.A. Manosh, }
Inc. }
} Docket No. 1-1-99 Vtec
}
}

<u>Decision and Order on Motions to Reconsider and Clarify, to Alter Judgment, and Motion for
Partial Summary Judgment</u>

The project at issue in these related cases is the construction of a 100-foot, 150-foot, or 160-foot
tall radio communications tower and associated buildings, on land in the Town of Hyde Park
owned by H.A. Manosh, Inc. (Applicant), some of which is proposed to be leased to Vermont
RSA Limited Partnership, then doing business as Bell Atlantic Mobile. A group of neighbors and
other Hyde Park residents (the Appellant Group) is represented by Stephanie J. Kaplan, Esq. and
Barry Kade, Esq.; H.A. Manosh, Inc. is represented by John H. Hollar, Esq.; Vermont RSA
Limited Partnership is represented by Brian Sullivan, Esq.; and the Town is represented by
Stephen F. Stitzel, Esq.

In Docket No. 212-11-98 Vtec, the Appellant Group appealed from two decisions of the Zoning
Board of Adjustment (ZBA) of the Town of Hyde Park, one dated October 13, 1998 dismissing
their appeal as untimely and one dated October 16, 1998 upholding the Zoning Administrator' s
ruling regarding Permit No. 97-06 issued to Applicant. In Docket No. 1-1-99 Vtec, Applicant
appealed from a December 10, 1998 decision of the ZBA that a conditional use hearing was
required for the proposal. In what was mistakenly docketed (under Docket No. 11-1-99 Vtec) as
a separate appeal, but was actually a cross-appeal of the same decision, the group of interested
persons also appealed from several aspects of the December 1998 ZBA decision. In Docket No.
61-4-99 Vtec, the Appellant Group appealed from a March 9, 1999 decision of the DRB,
granting a conditional use permit and site plan approval to Applicant to construct a 160' tower,
enlarge one building, and construct a second building. Applicant cross-appealed from the
requirement that it obtain site plan and conditional use approval for the project at all. In Docket
No. 61-4-99 only[1], Vermont RSA Limited Partnership d/b/a Bell Atlantic Mobile entered an
appearance through Brian J. Sullivan, Esq.

The Court issued an order resolving many of the issues in all four cases by summary judgment, and determined that other issues would require remand to the DRB. That order included findings describing the history and procedural posture of the project and the four cases, which will not be repeated here. Applicant and the Appellant Group have moved to reconsider and clarify, and to alter that judgment, and renewed aspects of their original motions for partial summary judgment. We will take the Statements of Questions raised by each party under each docket number and either note its status under the 2000 Order, or, for those questions which are the subjects of the pending motions, rule on those motions, and determine whether any issues remain for the Court's decision prior to the remand to the DRB. The court order determined that both the merits of the July 1997 application for a 150-foot tower and the December 1998 application for the 160-foot tower and associated buildings would have to be remanded to the DRB for consideration for conditional use approval, site plan approval, and approval under the Telecommunications Facilities Interim Bylaw adopted in January 1999.

Docket No. 212-11-98 Appellant Group's Question 1. Whether an untimely appeal from the April 1997 permit and the July 1997 permit should be heard, as a matter of due process, because the permits were improperly issued without notice and without conditional use hearing.

Docket Nos. 1-1-99 /11-1-99: Applicant's Question 1. Whether the Couture appeal of the 1997 permit was withdrawn.

Docket Nos. 1-1-99 /11-1-99: Applicant's Question 2. Whether the Couture appeal failed to meet the requirements of 24 V.S.A. § 4465 and therefore whether the zoning administrator should have notified the board and scheduled a hearing.

These questions relating to the circumstances of the appeal of the permit were resolved as to the April 1997 permit. Appellant Group's Question 1was not reached as to the July 1997 permit, because the Court found the appeal of that permit to have been timely filed and that it was not withdrawn. The Appellant Group has moved the Court to reconsider and reach this question, in case the Court's decision on this point is reversed on appeal. At the present time, decision on this point would be an entirely advisory opinion, as we have ruled that the appeal was timely filed and not withdrawn. If that ruling should be reversed on appeal, then this question would require a ruling in any proceeding remanded to this Court. The Appellant Group's request for reconsideration of this ruling is, therefore, DENIED. The Applicant's Motion to Alter Judgment as to the ruling that the Couture appeal was not withdrawn is also DENIED. Facts are disputed as to whether he told the board or the town that it didn't need to proceed with the appeal at the time it was filed, but the Court has ruled that as a matter of law it was not withdrawn. The Applicant's Question 2 in Docket No. 1-1-99 Vtec depends upon these disputed facts. That is, even if the zoning administrator had refrained from scheduling the appeal at that time, based upon Mr. Couture's statements, that action did not result in the withdrawal of the notice of appeal. Further, regardless of whether Mr. Couture's notice of appeal was deficient in any way under § 4465, the zoning administrator should have registered the fact that the appeal was filed, and could have informed Mr. Couture of any deficiencies or could have left it to a motion to dismiss the appeal before the board.

Docket No. 212-11-98 Appellant Group's Question 2. Whether the April 1997 application and the July 1997 request for a zoning permit should be denied because the project is neither a permitted nor a conditional use in the Rural Residential 2 zoning district.

This question was resolved as to the April 1997 permit. This question was also resolved as to the July 1997 permit: the Court ruled that it was not a permitted use and had to go before the DRB for consideration as a conditional use, the first step of which is for the Applicant to file a complete application for a conditional use permit and site plan approval. That is the status of the proposal for the 150-foot tower (July 1997 application); under 24 V.S.A. § 4464(a) the 1997 permit does not take effect until the final adjudication of its appeal. The Appellant Group's request for reconsideration of this ruling, requesting that the Court "deny" the permit application and "void" the 1997 Permit is DENIED.

Docket No. 212-11-98 Appellant Group's Question 3. Whether the request for a zoning permit should be denied because no application (for the July 1997 permit) was filed and it therefore did not contain the information required for the processing of a conditional use application.

Docket Nos. 1-1-99 /11-1-99 Appellant Group's Question 1. Whether the July 1997 Permit is void because the proposed use requires a conditional use permit and is beyond the jurisdiction of the zoning administrator.

Docket Nos. 1-1-99 /11-1-99: Applicant's Question 3. Whether a conditional use hearing must be held regarding the application to construct a 150-foot tower.

The Court ruled that the lack of a paper application for the July 1997 permit meant both that the Zoning Administrator had no authority to act on it and that the ZBA should have required a complete application for a conditional use permit to be filed in December 1998. The Court ruled that the July 1997 permit is now on appeal, and that it must be remanded for the DRB to consider whether its application is complete and then to rule on the application, both as a conditional use (including site plan approval) and under the Telecommunications Facilities Interim Bylaw. However, the Appellant Group's request for reconsideration, requesting that the Court also "void" the 1997 Permit is DENIED. The merits of the 150-foot tower that is the subject of the 1997 Permit are on appeal; the first element of those merits is the filing of a complete application for a conditional use permit.

Docket No. 212-11-98 Appellant Group's Question 4. Whether the April 1997 and the July 1997 permit are valid, even though improperly issued as a permitted use.

Docket Nos. 1-1-99 /11-1-99 Appellant Group's Question 4. Whether the April 1997 permit was superseded by the July 1997 permit.

Contrary to Appellant Group's statement that the Court did not reach either of these question as to the July 1997 permit, this question was resolved by the Court as to both the April 1997 and the July 1997 permits. The April 1997 permit is valid, but only authorizes a 100-foot tower and a 12' x 10' cement block support building. It was not "superseded" by the July 1997 permit for a 150-foot tower, all aspects of which are on appeal. The Court has ruled on summary judgment that

the 150-foot tower and its building must be considered on its merits as a conditional use, not as a permitted use, and that it must be considered for site plan approval and under the Telecommunications Facilities Interim Bylaw. The Appellant Group's request for reconsideration of this ruling, requesting that the Court also declare the 1997 Permit "void" is DENIED, for the reasons already discussed.

Docket No. 212-11-98 Appellant Group's Question 5. Whether the April 1997 permit is void for misrepresentation or for failure to undertake construction within a year.

The Court ruled that material facts are in dispute as to these questions and they remain for an evidentiary hearing in Docket No. 212-11-98. Applicant also now seeks summary judgment on these two issues. However, the nature of the construction undertaken by April of 1998, and whether it constitutes construction of the project permitted in the April 1997 permit, remains at least partially in dispute. Similarly, summary judgment is disfavored when misrepresentation is at issue and the resolution of that " issue requires determination of state of mind, as the fact finder normally should be given the opportunity to make a determination of the credibility of witnesses, and the demeanor of the witness whose state of mind is at issue." Barbagallo v. Gregory, 150 Vt. 653 (1988). Applicant's motion for summary judgment is DENIED as the material facts remain in dispute.

Docket No. 212-11-98 Appellant Group's Question 6. Whether the April 1997 or July 1997 permit, if valid, is limited to uses incidental to permitted uses under the ordinance.

This question was resolved by the Court.

Docket Nos. 1-1-99 /11-1-99 Appellant Group's Question 2 and

Docket No. 61-4-99 Vtec: Appellant Group's Question 4. Whether the decision to convene a conditional use hearing was untimely due to the pendency of the moratorium.

This question was resolved by the Court.

Docket Nos. 1-1-99 /11-1-99 Appellant Group's Question 3. Whether the current proposal should be remanded to the DRB for review under the Telecommunications Facilities Interim Bylaw.

This question was resolved by the Court.

Docket No. 61-4-99 Vtec: Appellant Group's Question 1. Whether the 1998 application (for a 160-foot tower and two larger buildings) is a conditional use in the Rural Residential 2 zoning district.

This question remains in the appeal and requires a hearing on its merits.

Docket No. 61-4-99 Vtec: Appellant Group's Question 2. If it is a conditional use, does it meet the conditional use standards.

This question remains in the appeal and requires a hearing on its merits.

Docket No. 61-4-99 Vtec: Appellant Group's Question 3. If it is a conditional use, does it meet the site development approval standards.

This question remains in the appeal and requires a hearing on its merits.

Docket No. 61-4-99 Vtec: Appellant Group's Question 5. Whether the December 1998 application was an amendment to an existing permit or a new application.

This question remains in the appeal and requires a hearing on its merits.

Docket No. 61-4-99 Vtec: Appellant Group's Question 6. Whether the January 1999 hearing should have been convened without an application for conditional use approval or site plan approval.

This question was resolved by the Court.

Docket No. 61-4-99 Vtec: Appellant Group's Question 7. Whether the December 1998 application should be reviewed under the Telecommunication Facilities Interim Bylaw.

The Appellant Group agrees that the Court ruled that the December 1998 application (and the July 1997 application) should be reviewed under the Telecommunication Facilities Interim Bylaw. The Appellant Group asks the Court to clarify whether it has ruled on the validity of the exemption contained in that Bylaw, exempting from the Bylaw any existing tower, "its relocation or modification, which does not increase the tower height." That motion to clarify is GRANTED, as follows:

In the October 2000 Order, the Court did not rule on the validity of that exemption, which would have been an advisory question, nor did the Court rule on whether this exemption applies to the relocation of the existing 160-foot tower to the project site, as the DRB had not yet ruled on the application under the Telecommunication Facilities Interim Bylaw. One preliminary decision for the DRB to make in the first instance will be whether the relocation of the 160-foot tower falls within this exemption. The Court did point out, for the consideration of the DRB and the parties in that proceeding, that it is not clear from the terms of the exemption "and we do not now decide, whether this exemption applies to the relative height of a tower (that is, the structure itself relative to the tower base) or to the absolute height of a tower (that is, to a tower's being relocated from a pre-existing lower elevation to a higher elevation)."

Docket No. 61-4-99 Vtec: Applicant's Question. Whether the December 1998 application requires site plan approval and conditional use approval for an increase in its height, as the use had already received a permit and no change in use was proposed.

This question was resolved by the Court.

It is not clear to the Court that the Applicant has any interest in proceeding with the July 1997 application for the 150-foot tower and single 12' x 10' cement block support building, or whether it wishes only to pursue the December 1998 application for a 160-foot (or a 190-foot[2]) tower and two support buildings measuring 14' x 26' and 12' x 30'. The next step in either of those applications would be to remand them to the DRB for consideration under the Telecommunication Facilities Interim Bylaw. Nor is it clear to the Court whether the Applicant wishes to proceed with either of the remaining issues regarding the April 1997 permit for a 100-foot tower and single 12' x 10' cement block support building: whether the April 1997 permit is void for misrepresentation, or for failure to undertake construction within one year.

Also, the two Applicant parties had informed the Court during the telephone conference in late 2000 that the project wished to determine its Act 250 permitting status prior to proceeding with the remaining merits of the conditional use permit, site plan approval, and Telecommunication Facilities Interim Bylaw approval for the 160-foot-tall tower. That Act 250 permit was denied by the District Commission and had been appealed to the Vermont Environmental Board, but the Court has not been informed of the present status of that application or appeal.

Accordingly, so that it is received at the Court on or before October 12, 2001, the Applicant parties shall inform the Court in writing as to the current status of the Act 250 proceedings on this project, whether they wish to proceed at this time with the remand to the DRB of the July 1997 or December 1998 versions of this project, and whether they wish to proceed at this time with this Court's remaining proceedings on the April 1997 permit.

We will hold a telephone conference on October 16, 2001 to discuss the next steps in these proceedings.

Done at Barre, Vermont, this 28th day of September, 2001.

_____
Merideth Wright
Environmental Judge

**Footnotes**

[1.] At a telephone conference held in November of 2000, the Court understood that Mr. Sullivan was to enter his appearance in all four docket numbers, but that does not seem to have occurred.

[2.] As applied for in an Act 250 permit application.