**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Robert and Donna         }         Docket No. 104-5-02 Vtec
Kendall                            }
                                   }
                                   }
                                   }

Decision and Order on Cross-Motions for Summary Judgment

Appellants Robert and Donna Kendall appealed from the April 2, 2002 decision of the Zoning Board of Adjustment (ZBA) of the Town of Brookfield denying Appellants= application for a variance. Appellants are represented by Elizabeth H. MaGill, Esq.; the Town is represented by Edward G. Adrian, Esq.

The parties have each moved for summary judgment on the sole question in the Statement of Questions: whether the Appellants= permit application should be deemed to have been approved pursuant to 24 V.S.A. ' 4464 and ' 3.2(c) of the Brookfield Development Bylaws. Appellants do not raise on appeal whether they should have been granted a variance on the merits of their variance application. The following facts are undisputed unless otherwise noted.

Appellants Robert and Donna Kendall own a 2.2 acre lot and mobile home on Vermont Route 65 in the Agricultural/Residential zoning district, in which each lot of five acres or less is limited to a single dwelling unit. Development Bylaws, ' 2.1(E)(4).

In the fall of 2001, Mr. Kendall filled out a unified application for a development permit for the property, checking that the application was for A the construction or alteration of a structure.@ In the section requiring the description of the proposed use of the parcel or of the proposed structure, the application states: A 1 b[e]droom mobile home residential.@ The application states that it must be accompanied by a sketch or survey of the parcel showing its location, boundaries and dimensions, and the location of any buildings, driveways, water sources and septic systems. No sketch was submitted and nothing else about the application indicated that the Kendalls sought to add a second mobile home on their lot, rather than replacing or enlarging their existing mobile home. In fact, as later described to the ZBA in the proceedings for a variance, the Kendalls propose to convert their existing mobile home from a three-bedroom to a two-bedroom dwelling unit, and to place a second dwelling unit (a one-bedroom mobile home) on the property. Mr. Kendall signed the application and dated it 10/8/2001.

The application form states that the applicant must submit three copies of this application and the accompanying sketches, and directs the applicant to A mail or deliver the application to the Administrative Officer,@ giving the officer= s name, Mark Hackett, and his home mailing address. The Brookfield zoning administrative officer serves on a part-time volunteer basis. Mr. Hackett is employed full-time and another job and during October of 2001 he was traveling frequently away from home on business.

During and prior to October 2001, Robert Kendall had been performing carpentry work at Mr. Hackett= s residence, and had access to the house and in particular to Mr. Hackett= s dining room table, on which a stack of mail was accumulating in Mr. Hackett= s absences. At some time on or after October 8, 2001, Mr. Kendall left a single copy of the unified development permit application at Mr. Hackett= s residence.

Material facts are in dispute as to the date on which the application was left at Mr. Hackett= s residence, and the circumstances of that event. Mr. Kendall asserts that he > hand-delivered= the application to Mr. Hackett on October 8, 2001 and that Mr. Hackett personally accepted the application from him. Mr. Hackett asserts that, while Mr. Kendall may have placed the application on the Hackett dining room table on or about that date, Mr. Kendall did not personally hand the application to Mr. Hackett, nor did Mr. Hackett personally accept the application in hand on October 8, 2001 from Mr. Kendall.

In early November, Mr. Kendall reminded Mr. Hackett about his delivery of the application and that it was in the stack of mail on the Hackett dining room table. Promptly thereafter, Mr. Hackett located the application, dated it 11/2001, assigned it an application number, and processed it. He visited the site on November 13, 2001, and on November 15, 2001, he acted on the application by checking off the place on the form stating A conditional use or a variance requires Board of Adjustment action; Referred to the Board of Adjustment, date: 11/15/2001@ under the section A not approved, reasons for non-approval.@ In the space below, Mr. Hackett wrote in: A 2 acre site agricultural/residential district.@ That is, a variance would be necessary to allow a second dwelling unit to be placed on a 2.2-acre lot in this district.

Deemed approval is a remedy only for deliberate or negligent inaction on the part of zoning officials and for indecision and protracted deliberations on the part of zoning boards. It is disfavored, especially if, as here, it would operate to grant a permit wholly at odds with the zoning ordinance. See, generally, In re Appeal of Newton Enterprises, 167 Vt. 459 (1998) and cases cited therein. To determine whether the week between November 8 and November 15 represented deliberate or negligent inaction on the part of the zoning administrative officer in this case depends upon a determination of the zoning administrator= s state of mind, that is, whether and when he knew the permit application had been filed at his house. The determination of the zoning administrator= s state of mind is not be suitable for summary judgment, for the reasons discussed in Barbagallo v. Gregory, 150 Vt. 653 (1988).

In addition, in the present case, ' 3.2(C) of the Development Bylaw provides that when a development permit requires prior action of the ZBA or Planning Commission, that is, when the proposal also requires conditional use approval, site plan approval, planned residential development approval, or variance approval, the thirty-day period for counting > deemed approval= for administrative officer inaction A shall commence on the final date of such approval(s).@ In the present case, the second dwelling unit on a smaller-than-five-acre lot required a variance. Under the Brookfield regulations, the > deemed approval= period for the zoning permit would not begin to run until and unless the variance was considered and approved by the ZBA.

However, under the state > deemed approval= statute, the zoning administrator must nevertheless forward the application to the ZBA within the required time period. Material facts are in dispute as to those circumstances. Accordingly, it is hereby ORDERED and ADJUDGED that both Motions for Summary Judgment are DENIED as material facts are in dispute. We will schedule a brief evidentiary hearing on the circumstances of the application= s having been left at or delivered to the zoning administrator= s home.

We note that the only issue in this appeal is whether the permit should be granted by operation of deemed approval under ' 3.2(c) of the Development Bylaw. As Appellants did not appeal the variance denial, a decision on the deemed approval issue will conclude the appeal; we expect to be able to rule from the bench at the conclusion of the evidentiary hearing, and will give the parties the prior opportunity to make their oral arguments on the record at that time.

Done at Barre, Vermont, this 5th day of December, 2002.

_____
Merideth Wright
Environmental Judge