STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Jim Sheldon Excavating, Inc. and | } | |
| Taran Bros., Inc. Act 250 Land Use Permit | } | Docket No. 54-4-09 Vtec |
| (Appeal of Pelton) | } | |
|  | } | |

Decision and Order on V.R.A.P. 4 Motion for Extension of Time to File Appeal

On April 6, 2009, Movant Martha Pelton, through her daughter Marleigh Pelton McNealus, filed a notice of appeal and a motion for extension of time to file the appeal from a February 26, 2009 decision of the District 1 Environmental Commission (District Commission), issuing Act 250 Land Use Permit No. 1R0949 to Appellee-Applicants Jim Sheldon Excavating, Inc. and Taran Brothers, Inc. Ms. Pelton is represented by Stephen A. Reynes, Esq. and Jesse L. Moorman, Esq.; Appellee-Applicant Jim Sheldon Excavating, Inc. is represented by Elizabeth A. Boepple, Esq. No entry of appearance has been filed on behalf of Taran Brothers, Inc. or on behalf of the Land Use Panel of the Natural Resources Board.

Appellee-Applicants applied for an Act 250 permit seeking as-built approval of a concrete batch plant and gravel processing facility located on Route 149 in the towns of Pawlet and Wells. Ms. Pelton owns property adjoining the project site. Ms. Pelton's daughter Marleigh Pelton McNealus holds a general power of attorney, issued in 2005, to act as Ms. Pelton's representative. Ms. Pelton now has Alzheimer's disease.

Ms. McNealus attended the District Commission hearing on September 23, 2008. On the sign-in sheet, Ms. McNealus provided the following mailing address for herself and for Ms. Pelton: P.O. Box 124, Wells, VT 05774.

The District Commission staff member responsible for later typing the address into the computer address file typed the correct post office box number and the correct

1

town, but typed an incorrect ZIP Code: 057<u>4</u>4 rather than 057<u>7</u>4 (emphasis added). The Court takes judicial notice from the ZIP Code location function provided by the U.S. Postal Service website[1] that ZIP Code 05744 is the correct ZIP Code for Florence, Vermont, also in Rutland County, rather than for the town of Wells.

Thereafter, the District Commission sent two separate hearing recess memoranda to Ms. Pelton's address, giving the correct post office box number and the correct town, but with the incorrect ZIP Code. Other parties also sent memoranda to Ms. Pelton at the address on the District Commission service list, with the incorrect ZIP Code.

Undeliverable first class mail is returned to the sender by the U.S. Postal Service. None of the documents mailed by the District Commission were returned to the Commission by the Postal Service, so that the District Commission staff remained unaware of the error. Although documents were sent by the District Commission to the incorrect ZIP Code, they must have been forwarded to the Wells post office, as Ms. McNealus submitted comments to the District Commission on behalf of Ms. Pelton in response to the hearing recess memorandum from the September 23, 2008 hearing that had been mailed by the District Commission to the incorrect ZIP Code. Ms. McNealus did not advise the District Commission of the error in the ZIP Code.

The District Commission issued its decision granting the permit on February 26, 2009. To be timely, an appeal of a District Commission's decision must be filed within 30 days of the decision, "unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." 24 V.S.A. § 8504(a); V.R.E.C.P. 5(b)(1). Ms. Pelton therefore had until March 30, 2009 to file a timely appeal.[2] Under V.R.A.P. 4(d), such a motion for extension of time to file a notice of appeal (that is, a motion to file a

---

[1] USPS – ZIP Code Lookup, http://zip4.usps.com/zip4/citytown_zip.jsp (last visited June 8, 2009).

[2] Because the 30th day after issuance of the decision fell on Saturday, March 28, Ms. Pelton had until the following Monday, March 30, to file her appeal. See V.R.C.P. 6(a), made applicable to this Court by V.R.E.C.P. 5(a)(2).

notice of appeal late) must be filed no later than 30 days after the expiration of the original time for filing the notice of appeal.

As with the hearing recess memoranda, the District Commission's February 26, 2009 decision was mailed to Ms. Pelton at the correct post office box and town, but with the incorrect ZIP Code. Ms. McNealus received the decision on behalf of Ms. Pelton on or about March 13, 2009, approximately 15 days later. As of March 13, 2009, Ms. McNealus still had seventeen days to timely file a notice of appeal on behalf of Ms. Pelton, or to move prospectively for more time to file an appeal.

She neither filed a notice of appeal nor moved for an extension of the appeal period until April 6, 2009, seven days after the appeal period had expired and twenty-four days after she received notice of the decision. The motion for late appeal was timely under V.R.A.P. 4(d).

In general, strict adherence to the deadline for filing an appeal is required to "serve the goal of finality." Casella Constr., Inc. v. Dept. of Taxes, 2005 VT 18, ¶ 6, 178 Vt. 61. Finality is an important goal because "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003), quoted in In re Town of Killington, 2003 VT 87A, ¶ 17, 176 Vt. 60. Allowing a late appeal in cases without a reason amounting to good cause or excusable neglect would frustrate the goal of finality and would result in a "de facto enlargement of the appeal-filing time to 60 days." In re Town of Killington, 2003 VT 87A, ¶ 17.

As discussed in In re Rinker's, Inc., No. 302-12-08 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Mar. 25, 2009) (Wright, J.), to be granted leave to file a late notice of appeal, Ms. McNealus, on behalf of Ms. Pelton, must show good cause or excusable neglect. V.R.A.P. 4(d). As the Reporter's Notes to V.R.A.P. 4(d) explain, good cause refers to situations in which the movant bears no fault for failing to file a timely appeal, while

3

excusable neglect refers to situations in which the movant bears some fault, but that fault is excusable.

The first fifteen days of the delay may be attributed to the fact that Ms. Pelton's copy of the District Commission's decision was sent to the correct post office box and town, but to an incorrect ZIP Code, due to the District Commission's typographical error that was not corrected by Ms. McNealus while the matter was pending before the District Commission. Some or all of the first fifteen days of the delay is due to the time it presumably took for the Postal Service to forward the District Commission's decision from the incorrect ZIP Code to the Wells post office.[3]

The remaining seventeen days of the delay in filing a timely notice of appeal, together with the additional week after the appeal period had expired, were within the control of Ms. McNealus, as Ms. Pelton's representative. Because she had seventeen days to file a timely notice of appeal after receiving the decision, and her failure to file the notice of appeal on time was therefore within her control, the grounds for filing the late appeal do not fall within the category of "good cause" and must be analyzed as to whether they constitute "excusable neglect."

As discussed in Rinker's, the factors for evaluating a party's claim of excusable neglect are laid out in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership: the Court must consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. 380, 395 (1993), cited with approval in In re Town of Killington, 2003 VT 87A, ¶ 16. The trial court is required to make findings of fact regarding the specific circumstances argued to amount to excusable

---

[3] While the "failure of the Postal Service to deliver" a timely mailed notice of appeal is an example of a situation giving rise to good cause, in the present case no notice of appeal was timely mailed. V.R.A.P. 4, Reporter's Notes.

neglect.  Solomon v. Design Dev., Inc., 139 Vt. 251, 253 (1981).

In the present case, although the delay of seven days after the expiration of the appeal period is not great, allowing the appeal will seriously prejudice Appellee-Applicant, as its permit otherwise became final.  In this respect, the present case presents far greater prejudice to the non-moving party than existed in Rinker's, or in other such cases in which an initial appeal continues regardless of whether a late cross-appeal is allowed.

Appellee-Applicant suggests that the delay in this case of twenty-four days between Ms. McNealus' learning of the decision and filing the notice of appeal warrants a conclusion that the delay was not in good faith.  Appellee-Applicant has provided no evidence or affidavit in support of this suggestion that the delay was not in good faith.  To make findings regarding whether Ms. McNealus has acted in good faith would require the Court to determine her state of mind during the period of delay.

Because in most cases the factors of good faith, prejudice, and length of delay almost always benefit the moving party, generally the "appropriate focus" in cases asserting excusable neglect "is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant." Town of Killington, 2003 VT 87A, ¶ 16 (citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 370 (2d Cir. 2003)).

Ms. McNealus submitted an affidavit that does not explain, or even discuss, the period of time between March 13, when she received the decision, and March 31, when she contacted Attorney Reynes.  This is the period of time for which Ms. McNealus bears responsibility, and for which she must present evidence demonstrating why the Court should conclude that the neglect is excusable.  Her affidavit focuses only on the reasons that the District Commission's decision went to the incorrect ZIP Code, which would be relevant to the issue of good cause, but not to the elements of excusable neglect.  Her affidavit does not present any support for why the remaining seventeen-day period of delay in filing a timely appeal should be excused.

5

Ms. McNealus' affidavit provides no support for the argument made in the motion memoranda that Ms. McNealus needed the additional seventeen days to find an attorney, in light of her care-giving responsibilities for Ms. Pelton due to Ms. Pelton's Alzheimer's disease. The Court does not here minimize the serious difficulties inherent in caring for a parent with Alzheimer's disease. However, the trial court is required to make findings of fact regarding each of the circumstances which a movant asserts as excusable neglect. Solomon, 139 Vt. at 253. Although this argument is made in Movant's memorandum of law, the accompanying affidavit does not adduce facts to support any findings regarding Movant's circumstances during this seventeen-day period.

Neither the memorandum nor the affidavit explains why Ms. McNealus could not have filed a simple notice of appeal within the seventeen-day period, even while inquiring about representation. Neither the memorandum nor the affidavit explains why it took that time for Ms. McNealus to find an attorney. Neither the memorandum nor the affidavit explains why Ms. McNealus did not at least write to or call the Court about how to file a notice of appeal or how to request an extension of time to do so. Even filing the motion for extension of time prior to the running of the appeal period would have reduced the prejudice to Appellee-Applicant due to the apparent finality of the permit as of March 30, 2009.

A timely notice of appeal is the only essential requirement under V.R.E.C.P. 5(b)(1). See In re Application of Wellspring Sch., Inc., No. 181-8-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Nov. 27, 2007) (Wright, J.). Under the rules applicable to Environmental Court, a notice of appeal is a relatively simple document, and "informality of form or title of the notice of appeal" will not result in dismissal. V.R.E.C.P. 5(b)(3); cf. Files v. City of Rockford, 440 F.2d 811, 816 (7th Cir. 1971) (citing 9 Moore's Federal Practice, § P204.13(3), at 978 (2d ed. 1970)) (denying motion to extend time to file an appeal

under analogous federal rule[4] because "a notice of appeal is an extremely simple instrument to prepare and file and if it is subsequently ascertained that an appeal should not be pursued it can be dismissed"). A notice of appeal could easily have been withdrawn had Ms. McNealus decided not to pursue the appeal after later consultation with an attorney. In re Rinker's, Inc., No. 302-12-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Mar. 25, 2009) (Wright, J.) (citing Files v. City of Rockford, 440 F.2d 811, 816 (7th Cir. 1971)).

The illness of an attorney's[5] family member justifies a finding of excusable neglect where the movant shows "unique or extraordinary circumstances," such as when a family member becomes ill suddenly and unexpectedly during the appeal period. See San Juan City Coll. v. United States, 75 Fed. Cl. 540, 542–43 (2007) (citing Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (2001)); e.g., Local Union No. 12004, United Steelworkers v. Massachusetts, 377 F.3d 64, 72 (2004). However, in the present case, Movant has provided no evidence or affidavit describing the relevant circumstances during the remaining seventeen days of the appeal period.

Making findings regarding the reason for the delay as it relates to Ms. McNealus' caregiving responsibilities, as well as making findings regarding whether Ms. McNealus has acted in good faith, requires the Court to determine Ms. McNealus' state of mind. As discussed by the Vermont Supreme Court in the context of summary judgment, courts are advised to be cautious in deciding motions "in which the

---

[4] "This Court applies federal case law as persuasive authority to clarify the excusable neglect standard under V.R.A.P. 4 because the rule is substantially identical to [the federal rule]." Town of Killington, 2003 VT 87, ¶ 16 (citing State v. Felix, 153 Vt. 170, 171 (1989)).

[5] Cases involving the illness of an attorney's family member are analogous to the present situation of whether the illness of a then-unrepresented litigant's family member constitutes excusable neglect.

resolution of the dispositive issue requires determination of state of mind" without first holding an evidentiary hearing. Barbagallo v. Gregory, 150 Vt. 653, 653 (1988) (mem.) (citing Hortman v. Henderson, 434 F.2d 77 (7th Cir. 1970)); see also Appeal of Kendall, No. 104-5-02 Vtec, slip op. at 3 (Vt. Envtl. Ct. Dec. 5, 2002) (Wright, J.). This is because "the fact finder normally should be given the opportunity to make a determination of the credibility of witnesses, and the demeanor of the witness whose state of mind is at issue." Barbagallo, 150 Vt. at 653; e.g., Doe v. Forrest, 2004 VT 37, ¶ 56, 176 Vt. 476 (quoting Barbagallo, 150 Vt. at 653); Boulton v. CLD Consulting Eng'rs, Inc., 2003 VT 72, ¶ 27, 175 Vt. 413 (quoting Barbagallo, 150 Vt. at 653). An evidentiary hearing is especially important "where knowledge of the events lies exclusively with the moving party," as it does in the present case, "as the other parties should be allowed to probe the perceptions and motivations of the movant." Barbagallo, 150 Vt. at 653 (citing Kagan v. Taylor, 558 F. Supp. 396 (E.D.N.Y. 1983)).

Because this appeal is a case of first impression as to the distinction between a good cause analysis and an excusable neglect analysis under V.R.A.P. 4(d),[6] the Court must allow the parties the opportunity to present additional evidence in support of their positions on the excusable neglect criteria, on the following abbreviated schedule. However, in the absence of any additional evidence, the balancing of the factors discussed in this decision requires the denial of the motion, due to the prejudice to Appellee-Applicant from allowing a late appeal.

---

[6] V.R.A.P. 4(d) was amended in 2006 to eliminate the distinction in the procedure for filing a motion to extend the time to file an appeal based on "good cause" as opposed to "excusable neglect." Before the amendment, motions based on "good cause" could only be filed before the original appeal period expired, while motions based on "excusable neglect" could be filed at any time within 30 days after the original appeal period expired. The 2006 amendment eliminated the procedural distinction, but, as the Reporter's Notes to V.R.A.P. 4(d) clarify, good cause and excusable neglect "continue to reflect different standards."

- On or before June 17, 2009, both parties may file additional affidavits providing facts in support of their arguments for or against excusable neglect, and/or may file any request for an opportunity to present evidence pursuant to V.R.C.P. 78(b)(2). (Note the required statement of the evidence which the party wishes to offer.)
- On or before June 29, 2009, each party may file any supplemental memoranda supporting or opposing the additional affidavits or the V.R.C.P. 78(b)(2) requests.
- On or before 4:00 p.m. on July 7, 2009, each party may file any memoranda in response to those filed by June 29, 2009.

The Court will thereafter determine pursuant to V.R.C.P. 78(b)(2) whether there is any genuine issue as to any material fact related to the motion. If not, the Court will rule on the motion on the basis of the filings received at the Court by 4:00 p.m. on July 7, 2009. If there is any genuine issue as to any material fact related to the motion, an evidentiary hearing not to exceed three hours will be scheduled to be held in Rutland or in Manchester, Vermont, on the earliest available date between July 13 and August 14, 2009. Please advise the Court in writing by June 17, 2009, as to any unavailable dates during that period, and as to any preferences regarding location.

Done at Berlin, Vermont, this 8th day of June, 2009.

_____
Merideth Wright
Environmental Judge

9