ANNIE M. FANDEL & others *vs.* BOARD OF ZONING ADJUSTMENT OF THE CITY OF BOSTON.

Suffolk.    February 1, 1932. — September 12, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Zoning.    Board of Zoning Adjustment.    Certiorari.*

Under St. 1924, c. 488, § 20, strict rules of judicial procedure are not imposed upon the board of zoning adjustment of the city of Boston with respect to inquiries made by it under said statute.

The obligation resting upon the board of zoning adjustment of the city of Boston with respect to a petition for a change in the boundary

lines of a zoning district is to ascertain relevant facts and to apply the statute to them according to its best judgment, for the general welfare as well as for the interests of private parties. Per RUGG, C.J.

In certiorari proceedings to quash action by the board of zoning adjustment of the city of Boston changing the boundary lines of a zoning district, it was *held*, that the mere circumstance, that the board, in reaching its decision, read "several communications," not otherwise described in the proceedings, received by it subsequent to a public hearing held by it, in addition to considering the evidence offered at such hearing and the conditions noted in a view of the locality in question, was not enough to show that substantial justice had not been done by the board and was not a sufficient ground for the maintenance of the proceedings.

PETITION, for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on March 26, 1931.

The petition and the respondents' return are described in the opinion. The case was heard by *Carroll*, J., upon the petition and return. The single justice ordered the petition dismissed and reported the case for determination by the full court.

*F. R. Walsh*, for the petitioners, submitted a brief.

*H. M. Pakulski*, Assistant Corporation Counsel, for the respondents.

RUGG, C.J. This petition for certiorari assails a change made by the respondents in the boundary lines of the zoning districts of Boston in two respects. One is the insufficiency of the notice. See *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97. That point has not been argued. It must be treated as waived. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 346. The only point argued and to be considered is whether there is error of law in a substantial respect in the return of the respondents in this particular: — It appears from the record of the respondents that, at the close of the hearing on the petition for the change in the boundary lines of the zoning districts, after informal discussion and consideration, it was voted to lay the matter on the table until the next executive meeting. The record states that the next executive meeting held about one month later was called to order "following inspection trip to premises covered in" the petition for change and continues in these

words: "The evidence offered in public hearing was reviewed, the conditions as noted in the locality discussed, and several communications received since the public hearing were read to the meeting." The precise point is whether the reading of these communications received subsequently to the public hearing requires the quashing of the proceedings. It is apparent from the mode of selection of the members of the board of zoning appeal prescribed by St. 1924, c. 488, § 20, and the nature of the duties to be performed by them, that strict rules of judicial procedure are not imposed with respect to inquiries made by them. There is a somewhat extended analysis of that section in *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 165–167, to which reference is made without repetition. Its design is to secure, for the performance of the highly important responsibilities reposed in the board, members possessing special knowledge in divers fields of artistic and practical construction of buildings, business and commercial needs, convenience and safety of traffic, improvement in public health and social welfare, and to invite to that service the administrative and executive ability of men of experience and vision in municipal planning. The duties of the board require members capable, not only of understanding the views presented by or in behalf of interested parties for and against a particular change, but of meeting in a wise way the exigencies of the present and the needs of the future. The method of selecting the members of the board renders it unlikely that many of them will be trained in the niceties of procedure in the courts. The personnel of the board is limited by the General Court to those who may be regarded as experts in particular vocations and professions, all having peculiar interest in desirable and just zoning. The purpose of the statute would be thwarted if the members of the board could not utilize their individual knowledge and experience. The board are empowered to make changes in the boundaries of zoning districts, either upon petition or otherwise. They are not confined to the initiation of action by petition. Manifestly, they may and probably

ought in most instances to view the neighborhood affected. There is no statutory requirement that the board give a public hearing as to all knowledge touching the subject possessed by them, or all considerations moving them to action. Public interests are involved in such a proceeding and are entitled to consideration. It is not a matter concerning alone the petitioner for the change and those appearing in opposition. The obligation resting upon the respondents touching the petition presented to them was to ascertain relevant facts and to apply the statute to them according to their best judgment, for the general welfare as well as for the interests of private parties. *Ayer v. Commissioners on Height of Buildings in Boston,* 242 Mass. 30, 35. *St. James Building Corp.* v. *Commissioner of Public Safety,* 260 Mass. 548, 551. *People* v. *Board of Appeals of New York City,* 234 N. Y. 484. *People* v. *Walsh,* 244 N. Y. 280.

There is no suggestion in the record as to the nature of the "several communications received" by the respondents after the public hearing was closed, or as to the weight given them by the respondents in reaching their decision. The petitioner took no steps to attempt to spread upon the record facts touching these matters. The single circumstance that some communications were read to them is all that appears. This is not enough to show that substantial justice has not been done. The order dismissing the petition was quite justified. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 212. *Westport* v. *County Commissioners,* 246 Mass. 556, 562. *Marinelli* v. *Board of Appeal of Boston,* 275 Mass. 169, and cases cited.

*Petition dismissed.*