## Henry D. Badger et al v. Norman C. Rice

[196 A.2d 503]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Daniels & Burgess* for the appellant.

*Downs & Rachlin* for the appellee.

**Holden, J.** This appeal involves municipal zoning procedure. The question is whether the authority of the board of adjustment of the City of Montpelier was properly invoked to review and overrule a permit issued by the zoning administrator for the construction of a horse barn in that city.

The defendant Norman C. Rice was granted a license for the building by the zoning administrator. The plaintiff resides in the neighborhood of the proposed construction.

It appears in the record that no publicity was given to the issuance of the permit by the administrative officer, Mr. Gallup. Consequently, interested persons had no knowledge that the license had been granted until the licensee started excavation for the construction. On observing this activity, the plaintiff made inquiry. Within three days thereafter, he promptly registered protest by a letter dated December 17, 1962, addressed to the "Board of Adjustment, Lister's Office, Montpelier, Vermont." Its salutation is "Dr. Mr. Gallup:", and the communication goes on to express the writer's specific objections to the issuance of the permit and his reasons. A public hearing was requested in order that all interested persons might express an opinion and be heard on the issues involved. The letter was received by the zoning administrator, Mr. Gallup, who immediately transmitted it to the chairman of the board of adjustment.

The board of adjustment treated the letter as an appeal from the decision of the zoning administrator as provided in 24 V.S.A. §3017. Accordingly, a public hearing was convened at the Montpelier city hall on January 3, 1963. Notice of the time and place of hearing was published in the TIMES ARGUS, a newspaper having general circulation in Montpelier, on December 27, 1962 and on January 3, 1963. The notice specified that the purpose of the hearing was to "review an appeal by Harry D. Badger from the granting of a permit under the zoning ordinance to Norman C. Rice to erect a horse barn at 242 Main Street."

At the opening of the public hearing, the licensee, Rice, challenged the authority of the board of adjustment to entertain the appeal. He moved to dismiss on the jurisdictional ground that the proceedings were not in accord with the provisions of 24 V.S.A. §3017. The motion was denied and the board went on to hear witnesses offered by both sides of the controversy, reversed the action of the zoning administrator and denied the permit.

Rice petitioned the Washington County Court, again questioning the legality of the board's decision for the reason that Badger, in obtaining review of the building permit, had failed to comply with the directive of the statute. Holding there was substantial compliance with the statute, the Washington County Court denied Rice's petition and he brings the case here to review that single question.

24 V.S.A. §3017 provides:

Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board, by filing with the officer from whom the appeal is taken and with the board a notice of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken.

The rules of the Board of Adjustment of the City of Montpelier contain this provision:

Appeals taken pursuant to the Vermont Statutes shall be taken within ten days from the earlier of (a) date on which the Appellant receives actual notice of the decision appealed from, or (b) the date on which notice of the decision appealed from is published in a newspaper having general circulation in Montpelier. All such appeals shall be made in the manner provided by the Vermont Statutes.

In attacking the board's authority to review his permit, Rice does not question that Gallup, as the officer from whom the appeal was taken, received actual notice of the appeal. Indeed, the unchallenged findings of the county court report that the letter was received by Mr. Gallup who in turn forwarded it to the board of adjustment. Rice's objection centers on Badger's failure to file a copy of his notice of appeal with the board.

Admittedly, there was nothing more than a single instrument utilized by the protesting party to communicate his objections and request for hearing by the board. It is equally clear that his communication was effective in that the administrative officer and the board of adjustment, as well as the licensee, all responded accordingly.

The statute makes no mention of copies of the notice. Neither does it specify the form in which the notice shall be given. Section 3017 prescribes notice by filing.

Notice of appeal serves two functions. It must inform the parties and the tribunals concerned that the proceedings are not concluded so they may respond accordingly. As to this purpose, a

statute regulating appellate procedure is entitled to a liberal construction. *Appeal of Maurice,* 117 Vt. 264, 269, 90 A.2d 440. Its second, and more crucial function, is to invoke appellate jurisdiction by accomplishing the transfer of the cause to the reviewing authority while the question sought to be reviewed remains open to appeal. The jurisdictional demands must be met within the time prescribed, otherwise, the case is closed. *State* v. *Brown,* 121 Vt. 459, 466, 160 A.2d 879.

Agencies charged with administering zoning laws must comply with the demands of due process and cannot overlook jurisdictional defects. *In re Willey,* 120 Vt. 359, 365, 140 A.2d 11; *Thompson* v. *Smith,* 119 Vt. 488, 509, 129 A.2d 638. But it must be recognized that it was the object of the legislature to provide forums that are easily accessible to the community at large, to air their grievances and obtain redress without resort to technical rules of procedure. *Fandel* v. *Board of Zoning Adjustment,* 280 Mass. 195, 182 N.E. 343, 344; *Woodbury* v. *Zoning Board Review,* 78 R. I. 319, 82 A.2d 164, 166; 8 McQuillan, Municipal Corporations, §§25.228, 25.256 (3d Rev. Ed.).

The defendant urges that jurisdiction to review his permit was lost because the plaintiff failed to file a copy of his notice of appeal with the board of adjustment, citing *State* v. *Brown, supra,* 121 Vt. 459. There is a notable difference between the two appeals. In the Brown case, neither the clerk of the Windham County Court nor the clerk of the Supreme Court for the county were furnished with notice of appeal within the thirty-day limit prescribed by 12 V.S.A. §2383 as the section was then written. (For subsequent amendment see 1961, No. 181, §2) In that instance, appeal time had expired and a mittimus, carrying out the final judgment of the trial court, had been issued. *State* v. *Brown, supra,* 121 Vt. at 465.

What was done in the present case is not at variance with the jurisdictional precept of the Brown decision. The appellant Badger notified the administrative agencies concerned of "where he is going and where he came from." And this was accomplished before the building permit had become final, and within the time prescribed for obtaining review. Accordingly, the board of adjustment correctly ruled that it had acquired jurisdiction of the matter and the motion to dismiss the proceedings was properly denied.

The order of the Washington County Court, sustaining the jurisdiction of the Board of Adjustment for the City of ·Montpelier, is affirmed. Let the result be certified.