STATE OF VERMONT

## SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re Freimour & Menard Conditional Use Permit (Appeal of Pigeon) | } } } } | Docket No. 59-4-11 Vtec |

### Decision on Cross-Motions for Summary Judgment

This appeal concerns an application by Leon Freimour and Sharon Menard ("Applicants") for a conditional use permit to change the use of a recently re-constructed dwelling from seasonal to year-round use. On March 24, 2011, the Town of Swanton Zoning Board of Adjustment ("the ZBA") voted to grant the permit to Applicants, and Allen and Doreen Pigeon ("Neighbors") appealed that decision to this Court.

Currently before the Court are cross-motions for summary judgment. Applicants seek summary judgment on nearly all of the Questions in Neighbors' Statement of Questions. Neighbors oppose that motion and request that the Court issue partial summary judgment to Neighbors "on the meaning and effect" of the Town of Swanton's property access requirements as applied to Applicants' dwelling. (Appellants' Opp'n Appellee's Mot. Summ. J. and Cross Mot. for Partial Summ. J. 17, filed December 15, 2011).

Applicants are represented here by Claudine C. Safar, Esq.; Neighbors are represented by Pietro J. Lynn, Esq. and Sean M. Toohey, Esq.

### Background Facts

For the sole purpose of putting the pending motions into context, the Court recites the following material facts, which it understands to be undisputed unless otherwise noted:

1. Applicants own property located at 24 Sunset Harbor Road in the Town of Swanton, Vermont. Applicants' property is located within the Town's Shoreland Recreation Zoning District ("SR District"). A residential dwelling was constructed on Applicants' property prior to the enactment of zoning.

2. Through 2010, Applicants used their property as a seasonal camp.

3. Access to Applicants' property from Campbell Bay Road, a public road, is only available via Yandow Road, a private road. Ownership of Yandow Road is disputed. Applicants assert that they have a right to use Yandow Road to access their property.

4. On August 6, 2010, Applicants filed an application with the Agency of Natural Resources ("ANR") for a Wastewater System and Potable Water Supply permit for the

1

"[r]econstruction of existing seasonal dwelling" at 24 Sunset Harbor Road. (Mot. for Summ. J., Ex. A 3, filed Nov. 8, 2011). ANR approved the wastewater permit application on September 6, 2010, granting Applicants Permit No. WW-6-2277. The permit approves a project "to reconstruct an existing three bedroom seasonal camp . . . served by onsite drilled bedrock well and offsite wastewater disposal system." (Mot. for Summ. J., Ex. B 1, filed Nov. 8, 2011).

5. On August 26, 2010, the ZBA voted to grant Applicants a variance and building permit to "replace an existing 36ft. by 20ft. single-story seasonal camp with a two-story 30ft. by 36ft. two-story camp which does not meet the front required setback . . . and the rear lake setback . . . and also the side setback." (Applicants'/Appellees' Objection to Appellant's Cross Mot. for Summ. J., Ex. T 1, filed Jan. 13, 2010).

6. Sometime during 2010, Applicants demolished and replaced the dwelling on their property. Although no party explicitly asserts that both the now-demolished dwelling and the newly constructed dwelling are single-family dwellings (rather than multi-family dwellings), the parties appear to agree to this fact and do not assert otherwise. The parties disagree about whether the now-demolished dwelling had two or three bedrooms.

7. On February 7, 2011, Applicants filed an application with ANR for a Wastewater System & Potable Water Supply permit for the "[c]onversion of existing seasonal dwelling to year round use" at 24 Sunset Harbor Road. (Mot. for Summ. J., Ex. C 3, filed Nov. 8, 2011.) ANR approved the wastewater permit application on February 11, 2011, granting Applicants Permit No. WW-6-2277-1. The permit approves a project "to convert a recently reconstructed three bedroom single family residence to year round occupancy, served by previously approved and constructed onsite drilled bedrock well and offsite wastewater disposal system." (Mot. for Summ. J., Ex. D 1, filed Nov. 8, 2011).

8. On February 18, 2011, Applicants filed an application, No. CU #397, with the ZBA for conditional use approval to substitute an existing dwelling with a newly constructed dwelling and to convert the use of the residence from seasonal to year-round use.

9. On March 24, 2011, the ZBA held a public hearing on application CU #397 and voted to approve the issuance of a conditional use permit to Applicants, subject to one condition. On March 28, 2011, Joel Clark, the Chair of the ZBA ("ZBA Chair"), sent Applicants a letter indicating the ZBA's grant of conditional use approval to Applicants "to convert and substitute a former seasonal dwelling with a newly constructed year round residence at 24 Sunset Harbor Road," subject to the condition that Applicants "shall improve the Sunset Harbor Road from

Yandow Road to the northern end of their lot subject to the requirements of 3.2A(1) of the zoning bylaws." (Mot. for Summ. J., Ex. G, filed Nov. 8, 2007).

10. On April 26, 2011, Neighbors filed notice of appeal of the ZBA's decision with this Court and, subsequently, filed a Statement of Questions containing 18 Questions.

11. On April 28, 2011, during a public hearing, the ZBA heard comments and answered questions from Applicants, Neighbors, and others seeking clarification of the ZBA's decision to grant Applicants conditional use approval for the year-round use of their property at 24 Sunset Harbor Road. In response to one line of commentary, the ZBA Chair indicated that the ZBA did not address the issue of property ownership at their previous meeting and "that if [Applicants] put in the driveway [they] planned to propose, it would be sufficient and would not require improvement of Sunset Harbor Road." (Mot. for Summ. J., Ex. I 3–4, filed Nov. 8, 2011). After taking comments and addressing the questions, the ZBA voted to "approve the [ZBA] minutes of 3/24/11 as written" (Id., Ex. I 4).

12. The minutes of a ZBA hearing held December 8, 2011 reflect that at the ZBA's October 27, 2011 public hearing, Applicants "approached the Zoning Board during public comment" to request "a change to the condition placed on their request in the 3/24/11 hearing." (Applicants'/Appellees' Objection to Appellant's Cross Mot. for Summ. J., Ex. U 2, filed Jan. 13, 2012.) The minutes further reflect that the ZBA, in response, "recommended that they make an official request for removal of the condition, which would be reviewed at a warned hearing." (Id.)

13. On November 8, 2011, Applicants filed their pending motion for summary judgment, on a majority of the Questions in Neighbors' Statement of Questions.

14. On November 17, 2011, notice was posted for a public hearing of the ZBA to be held December 8, 2011, to consider a "Conditional Use Request of Leon Freimour & Sharon Menard to remove the condition from their Conditional Use Permit #397, issued by the Zoning Board of Adjustment on March 28, 2011." (Appellants' Opp'n to Appellees' Mot. for Summ. J. and Cross Mot. for Partial Summ. J., Ex. 15, filed Dec. 15, 2011.)

15. On December 8, 2011, the ZBA voted to approve Applicants' request and remove the condition requiring Applicants to improve Sunset Harbor Road. In place of the condition, the ZBA voted to allow Applicants to build a driveway to their property from Yandow Road.

16. On December 15, 2011, Neighbors filed the pending cross-motion for partial summary judgment and opposition to Applicants' motion for summary judgment with this Court.

3

## Discussion

Neighbors appeal the ZBA's March 24, 2011 decision granting conditional use approval to Applicants to change the use of a recently re-constructed dwelling from seasonal to year-round use. Currently pending before the Court are the parties' cross-motions for summary judgment, which address nearly all of the 18 Questions raised by Neighbors in their Statement of Questions. Applicants' motion asserts that they are entitled to summary judgment on 17 of the 18 Questions raised by Neighbors. In their cross-motion, Neighbors argue that Applicants are not entitled to summary judgment on any of their Questions because there are disputed material facts concerning each Question. Neighbors also request that the Court grant them partial summary judgment "on the meaning and effect" of the Town of Swanton's property access requirements as applied to Applicants' dwelling. (Appellants' Opp'n Appellee's Mot. Summ. J. and Cross Mot. for Partial Summ. J. 17, filed December 15, 2011).

Before addressing these arguments we note that we will only grant summary judgment for either of the moving parties here if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact" and one of the parties "is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2012)[1]; see V.R.E.C.P. 5(a)(2). In considering the parties' cross-motions for summary judgment, we give each party the "benefit of all reasonable doubts and inferences when the opposing party's motion is being judged." City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). That is, we "accept as true the [factual] allegations made in opposition to [each] motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

We address the pending cross-motions for summary judgment with these standards in mind.

## I. Questions 1-5

Neighbors' Questions 1 through 5 challenge the authority of the ZBA to impose the condition it placed upon the conditional use approval for Applicants' use conversion and ask whether the condition satisfies various provisions in the Land Use & Development Regulations

---

[1] We note that an updated version of V.R.C.P. 56 became effective on January 23, 2012. However, we analyze this motion under the previous version of the rule because that version was in effect at the time the pending motions were filed.

for the Town & Village of Swanton ("the Regulations"). The condition the ZBA included in its March 24, 2011 conditional use approval was that Applicants must "improve the Sunset Harbor Road from Yandow Road to the northern end of their lot subject to the requirements of 3.2A(1) of the zoning bylaws."[2] (Mot. for Summ. J., Ex. G, filed Nov. 8, 2007).

Applicants contend that they are entitled to summary judgment on these Questions because the Questions may be moot as a result of the ZBA's decision to remove the condition and because the Questions raise issues this Court cannot address in this appeal. Neighbors counter that summary judgment is not warranted to Applicants on these Questions because genuine issues of material fact exist over whether the ZBA's inclusion of the condition constituted a taking of private property. Neighbors also "move for partial summary judgment on the meaning and effect of the access" requirements in the Regulations. (Appellants' Opp'n Appellee's Mot. Summ. J. and Cross Mot. for Partial Summ. J. 17, filed December 15, 2011).

### A. Whether Questions 1-5 are Moot

We first address Applicants' argument that Questions 1 through 5 may be moot. We will only declare a question from a party's Statement of Questions moot if our resolution of the question can no longer provide relief to the party raising it because the controversy in question no longer exists. See In re Moriarty, 156 Vt. 160, 163 (1991) (describing the concept of mootness). Although Applicants made their argument to the Court about mootness prior to the ZBA's December 11, 2011 decision removing the condition that is the subject of Questions 1 through 5, Applicants' argument is based on anticipation of the ZBA's decision. Because we determine, as discussed below, that the ZBA did not retain jurisdiction over the matter following Neighbors' appeal to this Court of the ZBA's March 24, 2011 decision, we disagree with Applicants and conclude that Question 1 through 5 are not moot.

On March 24, 2011, the ZBA voted to approve the issuance of a conditional use permit, CU #397, to Applicants, conditioned upon Applicants' improvement of a portion of Sunset Harbor Road. On April 26, 2011, Neighbors filed a notice of appeal of the ZBA's decision with this Court. In a subsequent public hearing of the ZBA, on April 28, 2011, during which the minutes from the March 24, 2010 meeting were approved, the ZBA took public comments and questions on their previous decision concerning Applicants' proposed use. During a ZBA

---

[2] The ZBA's approval is reflected in the minutes from the public hearing before the ZBA on this and several other applications. A copy of those minutes is attached as Exhibit G to Applicants' motion for summary judgment, filed with the Court on November 28, 2011.

hearing on a non-related matter later that year, on October 27, 2011, Applicants approached the ZBA to request "a change to the condition placed on their request in the 3/24/11 hearing." (Applicants'/Appellees' Objection to Appellant's Cross Mot. for Summ. J., Ex. U 2, filed Jan. 13, 2012.) The minutes further reflect that the ZBA, in response, "recommended that they make an official request for removal of the condition, which would be reviewed at a warned hearing." (Id.) On November 17, 2011, notice was posted for a public hearing before the ZBA to be held December 8, 2011 to consider a "Conditional Use Request of Leon Freimour & Sharon Menard to remove the condition from their Conditional Use Permit #397, issued by the Zoning Board of Adjustment on March 28, 2011." (Appellants' Opp'n to Appellees' Mot. for Summ. J. and Cross Mot. for Partial Summ. J., Ex. 15, filed Dec. 15, 2011.) On December 8, 2011, the ZBA voted to approve Applicants' request and removed the condition requiring Applicants to improve Sunset Harbor Road. In place of the condition, the ZBA voted to allow Applicants to build a driveway to their property from Yandow Road.

It is generally recognized that when a court issues a decision that is appealed to a higher court, the lower court necessarily cedes jurisdiction to the higher court. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); see also In re Teknek, LLC, 563 F.3d 639, 650 (7th Cir. 2009) (referencing "the ancient stricture that, when a case is on appeal, all lower courts lose jurisdiction over it and related matters"); Badger v. Rice, 124 Vt. 82, 85 (1963) (indicating that the "crucial function" of the filing of a notice of appeal is to "invoke appellate jurisdiction by accomplishing the transfer of the cause to the reviewing authority while the question sought to be reviewed remains open to appeal"). If this practice were not respected, the integrity of the judicial system would be at risk because various courts could be simultaneously analyzing and making modifications to the same judgment. See Griggs, 459 U.S. at 58, 59–60.

In issuing a decision on a zoning permit, a municipal panel acts as a quasi-judicial body. See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989). According to 24 V.S.A. § 4472(a), "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under [24 V.S.A., Chapter 116] or with respect to any one or more of the provisions of any plan or bylaw shall be . . . the appeal to the environmental division from an

6

adverse decision [of the appropriate municipal panel]."[3] Similar to what occurs when a notice of appeal is filed from a lower court's decision to our Supreme Court, when a notice of appeal from a decision of an appropriate municipal panel is properly filed with the Environmental Division under the provisions in 24 V.S.A., Chapter 116 and V.R.E.C.P. 5, the municipal panel is divested if its jurisdiction over the matter on appeal and jurisdiction is conferred to the Environmental Division. See Reporter's Notes, V.R.E.C.P. 5(b)(1) (indicating that "the filing deadline is jurisdictional" for appeals from municipal panel decisions).

We have previously held that Neighbors' timely filed their appeal from the ZBA's original decision approving Applicants' request for a conditional use permit, CU #397. See In re Freimour & Menard Conditional Use Permit, No. 59-4-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div., Sept. 7, 2011) (Durkin, J.)[4]. Thus, when Neighbors filed their notice of appeal on April 26, 2011, jurisdiction over consideration of Applicants' conditional use approval application, CU #397, was conferred to the Environmental Division and the ZBA was divested of such jurisdiction.

Following the filing of the notice of appeal, if the ZBA had wished to reconsider the matter, the ZBA could have requested remand of the matter pursuant to V.R.E.C.P. 5(i), which provides that "[a]t the request of the tribunal appealed from, the court, at any time prior to judgment, may remand the case to that tribunal for its reconsideration." The Court would have then rendered a determination on whether remand was appropriate. However, because the ZBA was divested of jurisdiction over CU #397 when the matter was appealed to this Court and because the ZBA did not request remand, the ZBA did not have jurisdiction to effectively reconsider its earlier decision and grant Applicants approval to receive a new conditional use permit to replace CU #397 as originally issued.

To clarify, the decision on appeal before us is the original decision approving Applicants' request for conditional use approval. In the course of considering that application in the de novo appeal now before us, any party may suggest a condition that should be placed

<hr />

[3] Our analysis here does not negate a party's right, if permitted under the applicable municipal regulations, to request that an appropriate municipal panel reconsider its prior decision, provided the reconsideration request is made prior to the filing of an appeal to this Court.

[4] Our Entry Order of September 7, 2011 erroneously referred to Neighbors' Notice of Appeal as filed on April 25, 2011. It was, in fact, filed on April 26, 2011. This one-day difference does not change our conclusion that Neighbors' notice of appeal was timely filed since April 26 is also within the 30-day appeal period. See Freimour & Menard Conditional Use Permit, No. 59-4-11 Vtec, slip op. at 2 (indicating that the 30-day appeal ran from either March 28, 2011 or April 28, 2011).

upon approval, including one similar to that imposed by the ZBA: that Applicants "improve the Sunset Harbor Road from Yandow Road to the northern end of their lot subject to the requirements of 3.2A(1) of the zoning bylaws." (Mot. for Summ. J., Ex. G, filed Nov. 28, 2011). Questions 1 through 5, which address this condition, are therefore not moot.

In the context of the Court's review of this matter, Applicants do have the right to present to the Court alternative means of access to their property, especially when such proposals would accommodate the concerns expressed by Neighbors or other interested parties, as long as such proposals constitute minor revisions to the proposed use rather than substantive changes to the type of approval sought. See In re Sisters and Brothers Inv. Group, LLP, 2009 VT 58, ¶¶ 20–21, 186 Vt. 103. Applicants' legal memoranda imply they plan to do so. If the Applicants do propose an alternative means of access, however, this would not render Questions 1 through 5 moot, since the Court must ultimately determine whether Applicants' proposed use, with or without a condition similar to that imposed by the ZBA, meets any applicable provisions in the Regulations raised in Neighbors' Questions 1 through 5.[5]

B. **Whether Questions 1-5 Raise Issues the Court Can Address**

Applicants also argue that they are entitled to summary judgment because Questions 1 through 5 raise issues the Environmental Division is without jurisdiction to address—boundary line and property rights disputes. Applicants are correct that this Court does not have jurisdiction to resolve property ownership disputes. The Civil Division of the Superior Court is the forum vested with exclusive jurisdiction over such disputes, and we will not wade into its jurisdiction. However, when an applicant for a municipal land use permit is challenged in terms of his or her ownership of the property on which development is proposed, we will require that the applicant make a threshold showing that it has some authority to use or develop the property as proposed. See, e.g., In re Leiter Subdivision Permit, No. 85-4-07 Vtec,

---

[5] Neighbors' Questions 1 through 3 do not reference provisions in the Regulations, but Questions 4 and 5 ask whether Applicants' proposed use, as conditioned by the ZBA, satisfies three specific provisions in the Regulations: Regulations § 3.2, § 3.8, and § 5.4. While it is clear to the Court that Applicants' proposed use must meet Regulations § 3.2 and § 5.4, for the reasons explained in Section III below, it is not clear whether Regulations § 3.8, a section titled "Nonconforming Uses & Nonconforming Structures" is implicated by Applicants' proposed use. There are undisputed facts implying that the newly constructed dwelling at 24 Sunset Harbor Road is a nonconforming structure, as recognized in the variance and zoning permit granted to Applicants on August 26, 2010, but the Court does not presently have facts before it to indicate that the degree of noncompliance will be increased by Applicants' proposed use.

slip op. at 4–5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.).  Therefore, to the extent that Questions 1 through 5 go beyond this threshold inquiry, they are beyond the scope of our jurisdiction.

Applicants' other argument concerning the Court's ability to review Questions 1 through 5 is that the Questions address the ZBA's authority to issue the permit condition it included in CU #397 and that such questions are not proper in a de novo appeal.  We agree that the appeal before us is de novo.  See 10 V.S.A. § 8504(h) (requiring the Environmental Division to conduct a de novo hearing of the issues appealed except in the context of on-the-record appeals); V.R.E.C.P. 5(g).  Neighbors have not argued that the Town of Swanton has completed the steps necessary to have its appeals heard on-the-record by this Court, nor does the record before us indicate that the Town has taken such steps.  See 24 V.S.A. § 4471(b) (detailing the steps a municipality must take to afford its land use determinations on-the-record appellate review).

In a de novo appeal of an appropriate municipal panel's decision on a zoning permit application, for the most part, we do not address questions seeking our review of the propriety of the actions previously taken by that panel.  Instead, our main focus is to review the application anew to the extent that appellants raised specific issues in their statement of questions.  See Chioffi, 151 Vt. at 11 ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto'") (quoting In re Poole, 136 Vt. 242, 245 (1978)); In re Torres, 154 Vt. 233, 235 (1990) (stating that, in considering an application before it, "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader.").  To the extent that Questions 1 through 5 ask whether the ZBA had authority to include a particular condition in their grant of conditional use approval to Applicants, we decline to address those portions of the Questions, concluding that we have no authority to do so.  Instead, while reviewing Applicants' application anew in the context of Neighbors' Questions, we will consider whether any condition, including one similar to that included in the decision appealed from, is necessary for Applicants to be granted conditional use approval.

In conclusion, we **DENY** Applicants' request for summary judgment on Questions 1 through 5.  However, the only portions of these Questions remaining for our review are those portions that challenge whether conditional use approval should be conditioned upon Applicants' improvement of a portion of Sunset Harbor Road so as to conform to the

9

Regulations raised in Neighbors' Questions—Regulations § 3.2, § 3.8, and § 5.4—and, if so, whether Applicants have made a threshold showing of authority to use that portion of road.

### C. Meaning and Effect of the Access Requirements

Neighbors also "move for partial summary judgment on the meaning and effect of the access" requirements in the Regulations. (Appellants' Opp'n Appellee's Mot. Summ. J. and Cross Mot. for Partial Summ. J. 17, filed December 15, 2011). This request relates to the issues raised in Neighbors' Questions 1 through 5 so we address it here.

It is unclear what Neighbors are asking the Court to conclude. Asking the Court to grant partial summery judgment on the "meaning and effect of the access" requirements in the Regulations, id., reads like a request for the Court to explain the Regulations to Neighbors, which is effectively a request for legal advice. Because the Court cannot provide advisory opinions to parties, we decline to grant the Neighbors request to the extent that it asks the Court to explain the Regulations' access requirements.

Looking further into the arguments that Neighbors make in their legal memoranda, it appears that Neighbors may, in fact, be asking the Court to grant them summary judgment on Questions 4 and 5. That is, it appears Neighbors are asking the Court to conclude that the condition included in the conditional use approval the ZBA granted to Applicants does not satisfy the provisions in the Regulations raised by Neighbors in Questions 4 and 5—Regulations § 3.2, § 3.8, and § 5.4.

We do not have before us the full set of undisputed material facts that we would need to determine that Applicants' proposed use so conditioned—or, without this condition, for that matter—does not satisfy these provisions. Additionally, it appears from Applicants' legal memoranda that they plan to propose an alternative means of access to their property from that required in the condition that is the subject of Questions 4 and 5. All this evidences to the Court that a trial is the best means available to resolve the legal issues Neighbors pose here. A trial will afford all parties a full and fair opportunity to present all relevant, admissible evidence. Because we lack sufficient material facts to rule in Neighbors' favor on Questions 4 and 5, we decline to grant them summary judgment on those Questions. In summary, we **DENY** Neighbors' request for partial summary judgment.

## II.     Questions 6-15

Neighbors' Questions 6 through 15 pertain to both the validity and the import of the ANR wastewater permits that Applicants currently hold for their property at 24 Sunset Harbor

Road, Permit No. WW-6-2277-1, and its immediate predecessor, Permit No. WW-6-2277. Specifically, Questions 6 and 11 through 15 ask whether Applicants' proposed use violates various provisions in the Regulations due to misrepresentations Neighbors allege Applicants made in their applications to ANR. Questions 7, 8, and 9 ask if Applicants were required to provide notice to Neighbors of their applications for the wastewater permits and whether the lack of such notice violates various provisions in the Regulations because Neighbors were prevented from challenging the alleged misrepresentations. Finally, Question 10 asks whether Applicants' proposed use violates various provisions because the wastewater permit Applicants obtained "approves a replacement septic system to serve a reconstructed three-bedroom seasonal camp/residence" but "the former structure was a two-bedroom seasonal camp, and the new structure is a three-bedroom residence intended for year-round use." (Statement of Questions at 3, filed May 16, 2011).

Applicants ask the Court to grant them summary judgment on Questions 6 through 15 as outside the scope of the pending appeal. Applicants argue that Neighbors' Questions 6 through 15 challenge the validity of their wastewater permits, and that such challenges cannot be raised in the pending appeal from a municipal panel's grant of conditional use approval. Neighbors respond that the current appeal is the first instance in which Neighbors received notice of the ANR wastewater permits issued to Applicants, that they were entitled to notice at the time of the wastewater permit applications, and that, therefore, Questions 6 through 15 are properly within the scope of this appeal.

In the context of their appeal from the ZBA's issuance of Applicants' request for conditional use approval, it is appropriate for Neighbors to question the import of Permit Nos. WW-6-2277 and WW-6-2277-1. However, they cannot challenge the validity of the wastewater permits in this municipal permit appeal. See In re Rose Revocable Trust, No. 2008-450, slip op. at 1 (Vt. Mar. 5, 2009) (unpublished mem.) (affirming a decision of this Court refusing to hear a party's challenge of the design of a septic system approved by an ANR wastewater permit in an appeal from the grant of a municipal conditional use permit where the appealing party argued "that applicant obtained the [wastewater] permit from ANR based on a material misrepresentation in the wastewater-permit application").

An administrative appeals process to raise challenges to the issuance of waterwater permits exists within ANR's Wastewater System & Potable Water Supply Rules. See Envtl. Protection Rules, Chp. 1, Wastewater System & Potable Water Supply Rules ("Wastewater

11

Rules") § 1-401 (Sept. 29, 2007). This process allows "any person whose interests are directly affected by the permitted project" to request review and reconsideration, by progressively higher levels within ANR, of a decision granting a wastewater permit. Id. § 1-401. Further, ANR has authority to "revoke a [wastewater] permit either in response to a petition or [by the ANR Secretary's] own motion." Id. § 1-404(a); see Rose Revocable Trust, No. 2008-450, slip op. at 2 (acknowledging the procedures outlined in the Wastewater Rules for a party to petition for the revocation of a wastewater permit). The Wastewater Rules specify the bases for revocation of a permit—including the submission of "false or misleading information . . . in support of the permit" and the "violation or failure to comply with the provisions of these Rules or authorizing statutes"—and require petitioners to indicate their "interest in the matter and [their] contentions, including the alleged basis for the revocation of the permit." Wastewater Rules § 1-404(b). In addition to the administrative appeals process, ANR decisions granting wastewater permits are agency decisions that can be appealed to the Environmental Division pursuant to 10 V.S.A. § 1977 and § 8504.

We do not have before us an appeal of ANR's grant of Permit Nos. WW-6-2277 or WW-6-2277-1. The only appeal before us is from the ZBA's issuance of conditional use approval to Applicants. Neighbors' Questions 6 through 9, and 11 through 15, do not challenge the import of Applicants' wastewater permits upon the grant of a conditional use permit to them; instead, these Questions ask if various provisions in the Regulations have been violated by ANR's issuance of a permit that Neighbors allege is invalid.

In the current appeal from a municipal land use determination, we do not have jurisdiction to hear challenges of the validity of the wastewater permits issued by ANR. The Wastewater Rules and the applicable statutes make clear the proper procedures for raising such challenges. Thus, in determining whether Applicants' proposed use conforms with provisions in the Regulations applicable to conditional use approval, we will assume Permit Nos. WW-6-2277 or WW-6-2277-1 are valid. Consequently we **DISMISS** Questions 6 through 9, and 11 through 15, as not within the scope of the pending appeal.

We turn now to Question 10. On its face, Question 10 appears to concern the import of Permit Nos. WW-6-2277 or WW-6-2277-1 to the pending conditional use application, rather than a challenge to the validity of those wastewater permits. Question 10 asks whether Applicants' proposed use violates the conditional use criterion requiring that a proposed development "not adversely affect the bylaws now in effect, including Sections § 3.3, § 3.15, & § 5.4," since,

12

according to Neighbors, Applicants' "Wastewater System and Potable Water Supply Permit approves a replacement septic system to serve a reconstructed three-bedroom seasonal camp/residence when in fact the former structure was a two-bedroom seasonal camp, and the new structure is a three-bedroom residence intended for year-round use." (Statement of Questions at 3, filed May 16, 2011).

Applicants' Permit No. WW-6-2277 approves a project "to reconstruct an existing three bedroom seasonal camp . . . served by onsite drilled bedrock well and offsite wastewater disposal system" and the subsequent permit, Permit No. WW-6-2277-1, approves a project "to convert a recently reconstructed three bedroom single family residence to year round occupancy, served by previously approved and constructed onsite drilled bedrock well and offsite wastewater disposal system." (Mot. for Summ. J., Exs. B 1 and D 1, filed Nov. 8, 2011). Thus, both permits are for projects involving three-bedroom dwellings, and the parties do not dispute this. The parties also do not dispute that the newly constructed dwelling at 24 Sunset Harbor Road contains three bedrooms. What is disputed is whether the dwelling that Applicants demolished and replaced had two or three bedrooms.

We conclude that the portion of Question 10 going to whether the number of bedrooms in the now-demolished dwelling differs from the number of bedrooms covered by Permit Nos. WW-6-2277 or WW-6-2277-1 is a collateral attack on the validity of those wastewater permits. That portion of the Question speaks to whether Applicants made misrepresentations in their applications to ANR, a question we cannot address in the context of the pending municipal appeal. As stated above, we will assume that the permits are valid for the purposes of this appeal.

With this caveat in mind, we conclude that the remaining portion of Question 10 does raise an issue the Court can address. It can be understood to ask whether the permits, on their face, satisfy the requirements for wastewater systems included in the Regulations, particularly in § 3.3, § 3.15, and § 5.4. We now determine whether Applicants are entitled to summary judgment on this portion of Question 10.

We begin by noting that, as of July 1, 2007, the requirements of 10 V.S.A., Chapter 64, and the Wastewater Rules, which establish state-wide technical standards and criteria for the "design, construction, operation, and maintenance" of wastewater systems, supersede any municipal regulations in Vermont seeking to do the same. Wastewater Rules § 1-501; 10 V.S.A. §1976(b). Municipalities can continue to impose regulations that address wastewater systems as

13

development generally (for instance, by imposing setbacks), but the state regulations establish a comprehensive review and permitting process that has state-wide uniformity. 10 V.S.A. § 1971; Wastewater Rules § 1-501.

Turning to the provisions in the Regulations Neighbors specifically reference in Question 10, Regulations § 3.3 requires that "[w]here a conversion or change of use would result in increased sewage generation, including but not limited to the conversion of a seasonal or accessory dwelling to a single family dwelling . . . a zoning permit shall not be issued . . . until a wastewater system design or upgrade has been approved in accordance with Section 3.15." Section 3.15 of the Regulations establishes requirements for the design and construction of wastewater systems and indicates, in subsection D, that a zoning permit cannot be issued to an applicant whose development "requires a new or upgraded wastewater disposal system" without meeting these requirements. Section 5.4 of the Regulations includes the conditional use criteria as well as information on what must be included in an application for conditional use approval.

We conclude that the substantive requirements for wastewater systems included in Regulations § 3.15 are superseded by 10 V.S.A., Chapter 64, and the Wastewater Rules, leaving for our review the question of whether the wastewater permits Applicants hold satisfy Regulations § 3.3, § 3.15(D), and § 5.4. Neighbors have not pointed to any particular portion of Regulations § 5.4 to which the wastewater permits might pertain, other than the general conditional use criterion that a proposed development "not adversely affect" the "bylaws now in effect." Regulations § 5.4(D). Nor has the Court, in its own review, identified other applicable portions of Regulations § 5.4 or of the Regulations generally. Thus, it appears that the permits pertain only to Regulations § 3.3 and § 3.15(D).

We do not have before us facts indicating whether Applicants' proposed use "resulted in increased sewage generation" or "require[d] a new or upgraded wastewater disposal system." Regulations §§ 3.3, 3.15(d). Applicants' have, however, presented the Court with two ANR wastewater permits, Permit Nos. WW-6-2277 or WW-6-2277-1, the latter which approves the wastewater system servicing Applicants' newly constructed dwelling at 24 Sunset Harbor Road as used on a year round basis. By issuing Permit No. WW-6-2277-1, ANR has concluded that Applicants' wastewater system meets the state-wide technical standards and criteria for wastewater systems. Because the state-wide requirements supersede the only requirements for wastewater systems that Regulations § 3.3 and § 3.15(d) require in order for the development

serviced by those systems to receive a zoning permit, by submitting Permit No. WW-6-2277-1, Applicants have established a rebuttable presumption that the wastewater system associated with its proposed use conforms with Regulations § 3.3 and § 3.15(D).  Nothing in Neighbors' filings refutes this presumption.  Consequently, we **GRANT** summary judgment to Applicants for the remainder of Question 10.

In summary, we conclude that the portion of Question 10 addressing the number of bedrooms in the Applicants' now-demolished dwelling is beyond the scope of this appeal and **DISMISS** that portion of the Question.  Summary judgment is **GRANTED** to Applicants on the remainder of Question 10, which we understand to ask whether Applicants' wastewater permits, on their face, satisfy the requirements for wastewater systems in the Regulations. Given the absence of evidence to contradict the presumption afforded Applicants by their receipt and submission to this Court of Permit No. WW-6-2277-1, we answer this Question in the affirmative.

### III.  Question 16

Neighbors' Question 16 asks whether the height of Applicants' newly constructed dwelling at 24 Sunset Harbor Road violates the conditional use criteria requiring that a proposed development "not adversely affect" the "character of the neighborhood or area affected" or the "bylaws now in effect."  Regulations § 5.4(D).  Applicants argue that they are entitled to summary judgment on Question 16 because the Question asks whether the dwelling, as constructed, violates the Regulations and there is no enforcement action before the Court raising that challenge.  Applicants also argue that, at any rate, the height of their dwelling complies with the Regulations.  We conclude that Question 16 must be dismissed for reasons slightly different from those Applicants have put forward but are implied by their argument concerning the lack of an enforcement action.

The scope of our jurisdiction and authority in this de novo appeal is limited to addressing those issues that the ZBA had the authority to address when considering the application before it.  See Torres, 154 Vt. at 235–36 ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader. . . . [W]hatever the Zoning Board of Adjustment of Planning Commission might have done with an application properly before it, the Superior Court may also do if an appeal is duly perfected.").  The application before us seeks a conditional use permit to "convert seasonal dwelling to year round use."  (Mot. for Summ. J., Ex. F, filed Nov. 8, 2011).  The

15

construction of Applicants' new dwelling was approved by the variance and building permit issued to Applicants by the ZBA on August 26, 2010. Because no party appealed that decision, it became final. The parties do not dispute that the newly constructed structure is a single-family dwelling. The current application before us does not, on its face, seek a permit for the construction of additions to the dwelling or for any other structural alterations to the dwelling.

Following the direction of Torres, we now turn to the Regulations to determine whether the provisions that apply to the current application change how we understand the scope of the development proposed therein. We first note that "conversions . . . of any building or other structure" and "any changes in the use of any building or other structure" is a type of development regulated in the Town of Swanton. See Regulations § 10.2 (defining "land development," among other terms). Under the Regulations, the "Conversion of Seasonal, Single Family Dwelling" is a distinct conditional use authorized in the SR District, the zoning district in which Applicants' property lies. Regulations § 2.4, Table 2.2; see Regulations § 2.3 (indicating that conditional uses in each zoning district require review under the Regulations' conditional use criteria). The Regulations define "conversion" as "[c]hanging the original purpose of a building to a different use, with or without structural alterations" and "includes, but may not be limited to, the conversion of seasonal or accessory dwellings to single family dwellings." Regulations § 10.2. These provisions indicate that, in the SR District, the conversion of a single-family dwelling from seasonal to year round use need not include structural alterations to constitute a proposed development requiring conformance with the conditional use criteria.

Since Applicants' current application does not propose structural alterations in conjunction with the proposed change in use of the dwelling at 24 Sunset Harbor Road, the scope of our authority in reviewing Applicants' application does not include consideration of whether the height of Applicants' new dwelling conforms with the conditional use criteria. Rather, our review is limited to considering whether the conversion of their dwelling to year round use conforms with the criteria. Because Question 16 concerns the height of Applicants' new dwelling, and no change in height is proposed, we do not have jurisdiction to consider Question 16 and therefore **DIMISS** it.

## IV.     Question 18

Neighbors' Question 18 poses the general question of "[w]hether the facts as stated support the conclusions reached by the Swanton Zoning Board of Adjustment." (Statement of Questions at 5, filed May 16, 2011). Within their motion for summary judgment Applicants ask

us to dismiss this Question because the Court's review of the ZBA's decision is de novo and Question 18 asks the Court to apply the standard of review applicable to on-the-record appeals. Neighbors reply that they recognize that the Court will review the ZBA's decision de novo, but they assert that "understanding the basis for the ZBA's findings is helpful in understanding where the ZBA went wrong." (Appellants' Opp'n to Appellees' Mot. for Summ. J. and Cross Mot. for Partial Summ. J. 23, filed Dec. 15, 2011).

As stated above, we agree that the appeal before us is de novo. Instead of disputing the standard of review applicable in this matter, Neighbors want us to consider, in our review of Applicants' application for conditional use approval, the factual findings made by the ZBA. This is exactly what the Court cannot do in a de novo appeal. Instead of reviewing the lower body's decision for infirmities, in a de novo appeal we review an application anew to the extent that an appellant has raised issues concerning the application. See Chioffi, 151 Vt. at 11 ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto'") (quoting Poole, 136 Vt. at 245); Torres, 154 Vt. at 235 (stating that, in considering an application before it, "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."). That is, in a de novo appeal, we reach our own factual findings, based upon the evidence presented at trial; we cannot review or evaluate the evidence presented to the ZBA, nor the propriety of the ZBA's actions based upon the evidence it received. Because we cannot undertake the type of review Question 18 requests, in lieu of granting Applicants summary judgment on Question 18, we **DISMISS** Question 18.

### Conclusion

For all of the reasons detailed above, we **DENY** Neighbors' motion for partial summary judgment in its entirety; **DENY** Applicants' motion for summary judgment on Questions 1 through 5; **GRANT** Applicants' motion for summary judgment on Question 10, and **DISMISS** Questions 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, and 18 of Neighbors' Statement of Questions. Although we are denying Applicants' motion for summary judgment on Questions 1 through 5, the only portions of those Questions remaining for our review are those that ask whether conditioning the grant of conditional use approval on the improvement of a portion of Sunset Harbor Road by Applicants is necessary for Applicants' proposed use to meet the provisions in the Regulations raised in Neighbors' Questions—Regulations § 3.2, § 3.8, and § 5.4—and, if so,

17

whether Applicants have made a threshold showing of authority to use or develop that portion of the road.

Consequently, all parties should prepare to present evidence at a merits hearing on Question 17 as well as the above-described portions of Questions 1 through 5 that remain for our review. On or before **Monday, July 2, 2012**, the parties shall submit a letter to the Court, with a copy forwarded to all other parties, of a list of their and their witnesses' unavailable dates for trial during the period from **Tuesday, August 28**, through **Friday, October 26, 2012**.

Done at Ferrisburgh, Vermont this 6th day of June, 2012.

_____
Thomas S. Durkin, Environmental Judge